**WARNER CO. v. NORTON et al.**

No. 8131.

Circuit Court of Appeals, Third Circuit.

June 17, 1943.

Argued Nov. 20, 1942.

Decided June 17, 1943.

S. B. Fortenbaugh, Jr., of Philadelphia, Pa. (Shields, Clark, Brown & McCown, of Philadelphia, Pa., on the brief), for appellant.

Maurice S. Levy and J. Barton Rettew, Jr., both of Philadelphia, Pa. (Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., on the brief), for appellees.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

JONES, Circuit Judge.

This is an appeal by an employer from an order of the District Court dismissing

its suit to set aside an award of compensation entered by the Deputy Commissioner under the Federal Longshoremen's and Harbor Workers' Compensation Act,[1] in favor of an employee for injuries received while employed as a bargeman. The ultimate question is whether the employee was "a master or member of a crew" of a vessel within the meaning of the Act which expressly excludes from its purview, inter alia, "A master or member of a crew of any vessel * * *." 33 U.S.C.A. § 903. The Commissioner, on the facts found by him, concluded that the claimant was a harbor worker and not a master or member of a crew and that he was therefore entitled to the benefits of the Compensation Act. The District Court ruled to like effect.

█ In reviewing the action of the court below we necessarily take as conclusive the facts as found by the Commissioner in so far as they are supported by substantial evidence. South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 253, 258, 60 S. Ct. 544, 84 L.Ed. 732. At the hearing upon the employer's complaint, the District Court took additional evidence but, in the end, accepted the Commissioner's findings of fact in toto, merely amplifying them in certain particulars as the additional evidence, which was received with the consent of all parties, consistently warranted. The evidentially supported basic findings, as to the merit of which there is no controversy, disclose the following factual situation.

The claimant suffered the injuries for which he seeks compensation from a fall while employed on a barge of the Warner Company on navigable waters of the United States. As the Deputy Commissioner specifically found, the fall was occasioned by the pulling out of a hand-operated capstan on deck which the bargeman was engaged in turning to take up the mooring line running from the barge to a pier to which he was endeavoring to warp the vessel. At the time of his injury he was the only person aboard or employed upon the barge. He had succeeded in propelling it the greater part of the distance of the desired movement against difficulties of wind and tide, which were augmented by the weight of the barge, when the capstan bar pulled out, struck him on the chest and caused him to fall, whereby the injuries for which he makes claim were inflicted.

The barge was a documented vessel under the Customs Laws of the United States. It had no motive power of its own and was propelled ordinarily by being towed by a tugboat to ports of call on navigable inland waters of the United States within a radius of thirty miles of the employer's plant in Philadelphia. It was also customary for the bargeman to propel the barge for short distances by winding up a mooring or towing cable by means of the hand-operated capstan.

The duties of a bargeman embrace the care of his barge by repairing leaks, pumping out excess water and seeing in general as to the seaworthiness of the vessel. For that purpose he lives aboard the barge, eating and sleeping in quarters there provided for his use and supplying his own food. It is also his duty to make fast and to unfasten mooring lines at dock and to change them as necessary by tightening or slackening them, to take tow lines from tugboats and to lengthen or slacken them when necessary, to set out navigational lights or signals, to respond to whistle signals from the barge's tow boat and to take orders from the tugboat captain to whose control the bargeman is subject while his barge is in tow. Rusin, the claimant, was paid a flat monthly salary for his service as bargeman and, when he worked on any other boat, he received additional compensation at an hourly rate for the time so engaged. His employment was subject to the provisions of a contract between the Harbor Boatmen's Union and the Warner Company wherein it was provided, inter alia,—

"Section 6: All Bargemen assigned to specific barges in active operation shall be paid a monthly salary of $80.00 and shall be provided with quarters. This compensation is for all work performed by Barge men in the operation of his own vessel.

"Section 7: The rates as provided herein are based upon all services and time required to safeguard and operate the barge fleet, including necessary pumping, watching or other emergency duties on Sundays and holidays."

█ While the question as to whether a particular claimant is "a master or member of a crew" of a vessel and therefore excluded from the Compensation Act is one of fact, it is necessarily an ultimate conclusion to be derived from an application

---

[1] 44 Stat. 1424. c. 509, § 3. 33 U.S.C. a. § 903 et seq.

of the statute to the basic findings of fact. As such, it is open to court review for a determination of its validity on the basis of the supportable facts as found by the Commissioner. In short, a Commissioner's conclusion that one is or is not "a master or member of a crew" is not binding upon a reviewing court if the basic facts competently found by the Commissioner rightly call for a different conclusion.

In Loverich v. Warner Co., 3 Cir., 118 F.2d 690, certiorari denied 313 U.S. 577, 61 S.Ct. 1105, 85 L.Ed. 1535, we sustained a bargeman's claim against the same employer, as is here involved, for maintenance and cure under maritime law for an illness consequent upon an accident occurring in the course of the claimant's employment. In so doing, we expressly ruled that the bargeman was a seaman and not a harbor worker, and that his claim against the employer fell within the specific exclusion in the Compensation Act. This ruling was directly material to the decision in the Loverich case, for not otherwise could the libellant's judgment for maintenance and cure have been sustained in its entirety. The employer had there defended on the ground that so much of the libellant's claim as had accrued after the effective date of the Compensation Act was compensable under that statute, as indeed it would have been had the claimant not been held to have been excluded by that Act. To employees entitled to the benefits of the Longshoremen's Compensation Act the remedy thereby afforded is exclusive. South Chicago Coal & Dock Co. v. Bassett, supra, at page 256, 309 U.S., 60 S.Ct. 544, 84 L.Ed. 732.

The court below sought to distinguish the Loverich case from the present and held the ruling there made to be inapplicable to the instant case. We fail to see any material differences in the facts of the two cases. It is true that in the Loverich case, in specifying the duties of the bargeman and the circumstances under which he performed them, we mentioned that Loverich was a licensed junior engineer and qualified as an able seaman, barge master and second and third mate. But those added attainments of the particular employee were not what constituted him a seaman. The determining factors were the duties he was called upon to perform and the circumstances under which he was required to perform them. The question concerned his actual duties. Cf. South Chica-

go Coal & Dock Co. v. Bassett, supra, at page 260 of 309 U.S., 60 S.Ct. 544, 84 L. Ed. 732. Where such duties pertain to the welfare and operation of the vessel, the employee is a seaman and, as such, is the master or a member of the crew of the vessel, as the case may be. Cf. Gale v. Union Bag & Paper Corporation, 5 Cir., 116 F. 2d 27, 28, where the navigational character of a bargeman's duties is clearly set forth. See also A. L. Mechling Barge Line v. Bassett, 119 F.2d 995, 998, where the Court of Appeals for the Seventh Circuit, whose earlier decision in the South Chicago case, 104 F.2d 522, was affirmed by the Supreme Court, as cited supra, held a cook on a barge to be a "member of a crew", and therefore excluded from the Longshoremen's and Harbor Workers' Compensation Act, since his services were in aid and support of the navigation of the barge and not independent thereof. On the other hand, if the employee is concerned primarily with the loading or unloading of the vessel, even though he works upon navigable waters, he is a harbor worker and not a seaman. "Workers of that sort on harbor craft may appropriately be regarded as 'in the position of longshoremen or other casual workers on the water'". South Chicago Coal & Dock Co. v. Bassett, supra, at page 260 of 309 U.S., 60 S.Ct. 544, 549, 84 L.Ed. 732, citing Scheffler v. Moran Towing & Transportation Co., 2 Cir., 68 F. 2d 11, 12. The distinction thus indicated was fundamental to our ruling in the Loverich case whose facts as to the employee's duties and services aboard the barge are indistinguishable from the facts of the instant case.

In the South Chicago case, supra, the matters which were deemed (page 260 of 309 U.S., 60 S.Ct. 544, 84 L.Ed. 732) to justify the Commissioner's conclusion that the claimant in that case was not a "master or member of a crew" were that his primary duty was to facilitate the flow of coal to the vessel being fueled from the lighter upon which he worked, that he had no duties while the lighter was in motion, that he slept at home and boarded off ship and that he was called for service each day as wanted and was paid an hourly rate. Some of the same restricted characteristics of employment are to be noted in De-Wald v. Baltimore & O. R. Co., 4 Cir., 71 F.2d 810, 811, Moore Dry Dock Co. v. Pillsbury, 9 Cir., 100 F.2d 245, and Henderson v. Jones, 5 Cir., 110 F.2d 952. On the

other hand, in the instant case, just as in the Loverich case, the claimant's duties required him to be aboard the barge and to be concerned with its management, care and operation. He was therefore a seaman and, as such, comes within the description of those who, as master or member of a crew, are expressly excluded from the remedy provided by the Compensation Act.

The judgment of the District Court is reversed and the cause remanded for further proceedings in conformity with this opinion.