## BERWIND–WHITE COAL MINING CO. v. ROTHENSIES, Collector of Internal Revenue.

### No. 8074.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 20, 1942.
Decided June 17, 1943.

Philip Price, of Philadelphia, Pa. (Charles Myers, Kenneth W. Gemmill, and Barnes, Dechert, Price and Smith, all of Philadelphia, Pa., on the brief), for appellant.

Edward First, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and A. F. Prescott, Sp. Assts. to Atty. Gen., and Gerald A. Gleeson, U.S. Atty., and Thomas J. Curtin, Asst. U.S. Atty., both of Philadelphia, Pa., on the brief), for appellee.

Before MARIS, JONES, and GOODRICH, Circuit Judges.

JONES, Circuit Judge.

The plaintiff company sued to recover taxes which it paid for the years 1937, 1938 and 1939 under the Social Security Act[1] with respect to bargemen in its employ. By Sec. 811(b) (5) of the Act "Service performed as an officer or member of the crew of a vessel documented under the laws of the United States * * *" is expressly excepted from the term "employment" as used in the Act to define the relationship for which an excise tax is imposed upon employers by Sec. 804. The plaintiff's right to recover in the instant case depends upon whether its bargemen, on whose account it paid an employer's tax for the years in question, were officers or members of the crews of vessels within the meaning of the exception above mentioned. The court below held that they were not. The trial court found, however, and the evidence supports the finding, that the barges upon which the particular employees served were vessels documented under the laws of the United States. The one question, therefore, presented by this appeal is whether the plaintiff's bargemen were officers or members of crews within the contemplation of the exceptive provision in the Social Security Act.

In Warner Company v. Norton et al., 3 Cir., 137 F.2d 57, decided this day, we held that a bargeman was a seaman and not a harbor worker and therefore not within the scope of the Longshoremen's and Harbor Workers' Compensation Act. 33 U.S.C.A. § 901 et seq. The duties of the bargemen in this case did not differ in any material respect from those of the bargeman in the Warner Company case, which are fully set forth in the opinion in that case and need not be repeated here. The primary duty of each of such employees was to see to the welfare and operation of his barge.

However, as already stated, the Warner Company case involved the Compensation Act while here we have for construction a similar exceptive clause in the Social Security Act. The language of each statute, regardless of the similarity of both in the particulars noted, is to be read "in the light of the mischief to be corrected and the end to be attained". South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 259, 60 S.Ct. 544, 549, 84 L.Ed. 732, citing Warner v. Goltra, 293 U.S. 155, 158, 55 S.Ct. 46, 79 L.Ed. 254. Our duty, therefore, is to ascertain independently the intended scope of the exceptive clause in the Social Security Act. No decision has been cited, nor have we found any, construing that provision. In the end, the answer to the present problem will necessarily disclose by comparison whether the characteristics of service and duties which distinguish a seaman from a harbor worker, as pointed out in Warner Company v. Norton et al., supra, also appropriately identify the persons whose service Congress intended to except from the employment made taxable by the Social Security Act.

Nothing of relevant significance is to be drawn from the slight difference in the phraseology of the pertinent provisions of the two statutes. The phrase "officer or member of the crew of a vessel" as employed among the exceptions specified in the Social Security Act is no less inclusive than the phrase "master or member of a crew of any vessel" as contained in the Compensation Act. 33 U.S.C.A. § 902(3). If anything, the exception in the Social Security Act would seem to be the more comprehensive for, while a master is ordinarily an officer, manifestly not all officers are masters.

Art. 10 of Regulations 91, promulgated specifically for the enforcement of the Social Security Act, defines "officers and members of the crew" as including "the master or officer in charge of the vessel, however designated, and every individual, subject to his authority, serving on board and contributing in any way to the operation and welfare of the vessel." This administrative interpretation, which we do not think transgresses the legislative intent, in effect imports to the provision in question the inclusion of all persons em-

---

[1] Act of Aug. 14, 1935, c. 531, Title VIII, Sec. 804 et seq., 49 Stat. 687, 42 U.S.C.A. § 1004 et seq.

braced by the description "master or member of a crew" and carries forward the criteria of service aboard ship and contribution to the welfare and operation of the vessel as the factors determinant of the excepted service.

 The purpose of the particular provision was to except from the excises of the Social Security Act the services of seamen. The legislative history of the bill (H.R. 7260) plainly so confirms. The reason for the exception lay in what was apprehended to be an insurmountable difficulty in administering the Act if the services of seamen were to be included within the employment for which a tax was imposed. See H.R. Rep. No. 615, 74th Cong. 1st Sess., Cum. Bull. 1939—2, pp. 600, 607. It was not until conference by both Houses, however, that the propriety of the exception was agreed to. The Senate, by amendment, had originally stricken it from the bill, as it had come from the House, but later receded. Report from Committee of Conference, H.R. Rep. No. 1540, 74th Cong. 1st Sess., Cum. Bull. 1939—2, p. 626. In separate committee reports to both Houses it was explained that the proposed exception as to an officer or member of the crew of a vessel "does not exempt the services of longshoremen and others who work in connection with loading vessels." H.R. Rep. 615, cit. supra, at p. 610; S.Rep. No. 628, 74th Cong. 1st Sess., Cum. Bull. 1939—2, pp. 611, 623. Thus, in respect of a matter which had been in legislative controversy, Congress specifically observed the distinction between seamen on the one hand and longshoremen and casual workers on the water on the other, just as the courts have done in construing the provision in the Longshoremen's and Harbor Workers' Compensation Act excluding "a master or member of a crew". Cf. South Chicago Coal & Dock Co. v. Bassett, supra, at page 260 of 309 U.S., 60 S.Ct. 544, 84 L.Ed. 732. See also Warner Company v. Norton, supra, and cases there cited. As the primary duties of the plaintiff's bargemen required their service aboard ship and their contribution there to the welfare and operation of their vessels, it is our opinion that they come within the class of employees whose services are excluded by Sec. 811(b) (5) of the Social Security Act.

 We do not think that the scope of the exception is to be retracted according as the locale of service of a particular seaman happens to be limited to the vicinities of domestic ports, and, as to whom, therefore, the difficulty of administration (which Congress perceived as justification for the exception) would not seem to be present. Congress having laid down the exception in the light of the well-recognized distinction between seamen and longshoremen or casual workers on the water, the services thus excepted from the operation of the Act are to be determined uniformly on the basis of that distinction. Nor do we think that the services of a bargeman, although a seaman, are to be included within the Act merely because he serves alone aboard a barge. A crew is the complement necessarily aboard for the welfare and customary operation of a vessel. In the case of a barge, the lone bargeman supplies that requirement. He is no less a seaman for serving alone. The actual duties of the employee, rather than how many others he serves with, are the matters of importance. South Chicago Coal & Dock Co. v. Bassett, supra, at page 260 of 309 U.S., 60 S.Ct. 544, 84 L.Ed. 732.

The judgment of the District Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.