## SCHANTZ v. AMERICAN DREDGING CO.

### No. 8332.

Circuit Court of Appeals, Third Circuit.

Argued Oct. 5, 1943.

Decided Oct. 22, 1943.

Abraham E. Freedman, of Philadelphia, Pa. (Freedman & Goldstein, of Philadelphia, Pa., on the brief), for appellant.

Philip H. Strubing, of Philadelphia, Pa. (Evans, Bayard & Frick, of Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, JONES, and GOOD-RICH, Circuit Judges.

**536**

GOODRICH, Circuit Judge.

The plaintiff instituted this action to recover, (1) under the Jones Act,[1] for personal injury, and (2) maintenance and cure under the maritime law. The accident which formed the basis of the claims occurred while he was at work on a vessel[2] anchored off shore at the Philadelphia Navy Yard. After the plaintiff had presented his case to the jury the defendant moved to dismiss on the ground that there was no jurisdiction in the court. The trial court granted the motion for the reasons that the plaintiff was not a "member of a crew" within the meaning of § 3 of the Longshoremen's and Harbor Workers' Compensation Act;[3] consequently his redress, if any, was the remedy provided under that Act which is, by statute, exclusive for those not within the exclusionary clause.[4] We think this ruling was erroneous.

■ Whatever may be the conclusion upon the question of whether plaintiff was a member of the crew, the issue is not one of "jurisdictional fact." Hagens v. United Fruit Co., 2 Cir., 1943, 135 F.2d 842, citing South Chicago Coal & Dock Co. v. Bassett, 1940, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732. If plaintiff was not a member of the crew, his action would be defeated because by statute he is given an exclusive remedy elsewhere. The court had jurisdiction to hear and decide the question, regardless of which side won the decision. It should be added that the trial court did not base its action on any supposed want of jurisdiction but because it believed the plaintiff's remedy lay elsewhere.

The case comes to us precisely as Carumbo v. Cape Cod S.S. Co., 1941, 123 F.2d 991, came to the First Circuit. Here, as there, the issues are: was there evidence on which a jury could reasonably find that the plaintiff was a "seaman" under the Jones Act? Was there evidence on which a jury could reasonably find that plaintiff was a "member of a crew" under the Longshoremen's Act? If there was such evidence, the dismissal by the learned trial court was obviously incorrect.

■ The defendant concedes that the plaintiff was, for certain purposes, a seaman. It concedes that the hoister was a vessel, 'though not that it was engaged in navigation. We think the case is within the admiralty jurisdiction, Ellis v. United States, 1907, 206 U.S. 246, 259, 27 S.Ct. 600, 51 L.Ed. 1047, 11 Ann.Cas. 589, and this was assumed by us in Warner Co. v. Norton, 3 Cir., 1943, 137 F.2d 57. The serious dispute is whether the plaintiff could be found to be a member of the crew.

■ If the recovery sought is an award under the Longshoremen's and Harbor Workers' Compensation Act, the question whether the applicant was a "member of a crew" so far as it turns on questions of fact, is determined by a deputy commissioner. His finding is final if there is evidence to support it. South Chicago Coal & Dock Co. v. Bassett, supra. When the question comes up in a suit under the Jones Act or for maintenance and cure, it is answered by the trier of the fact, court or jury as the case may be. We said in Warner Co. v. Norton, supra, 137 F.2d at page 59, that "a Commissioner's conclusion that one is or is not 'a master or member of a crew' is not binding upon a reviewing court if the basic facts competently found by the Commissioner rightly call for a different conclusion." The same rule will apply to findings of judge or jury when the plaintiff's effort is to escape the Longshoremen's Act, rather than to get under it, and the litigation is a law suit instead of an application for compensation.

■ The motion to dismiss of course assumed the truth of the evidence produced in the plaintiff's testimony. We may postulate, then, facts as follows:

The plaintiff held certificates from the United States Department of Commerce qualifying him as an ordinary seaman, although there was no evidence that the defendant required a man with such qualifications for the work plaintiff was doing at the time he was hurt. He answered a call for the job with the defendant at the Seamen's Union Hall. After he produced his seaman's papers, he was sent to defendant's office and assigned as a deckhand on board a hoister, anchored in the harbor off the Philadelphia Navy Yard. He had to row out to the hoister to get to work.

The hoister was a barge about 95 feet long and 35 feet wide, carrying a large derrick with a boom attached. It was not

---

[1] 46 U.S.C.A. § 688.

[2] The defendant has conceded that the hoister on which plaintiff was employed, to be described hereinafter, was a vessel.

[3] 33 U.S.C.A. § 903.

[4] Id. § 905.

self-propelled. When it had to be moved a substantial distance it was towed by a tug. For short distances the men on board moved it by securing lines to the shore and taking up on the lines with a power winch on board the vessel. During the period of plaintiff's employment, the hoister was engaged in removing pilings in the Delaware river bed near shipways at the Philadelphia Navy Yard. From time to time it was moved by lines and winch to new pilings that had to be removed. Seven men, a "Captain" Curtis, a fireman, and five deckhands, were employed on board the hoister.

The plaintiff's duties on the hoister were twofold. About six hours each day were spent in pulling the pilings. The other two were devoted to helping maneuver the hoister to the different places where pilings were located. The plaintiff signed no ship's articles, lived at home and boarded ashore. He worked an eight hour day and was paid time and a third for overtime.

 On these facts, does the conclusion of necessity follow that the plaintiff was not a member of the crew? It is at once apparent that each side has facts to which it can point to support the conclusion it urges. That the plaintiff slept at home, boarded ashore and was paid for overtime, although not conclusive of his status, Carumbo v. Cape Cod S.S. Co., supra, points to a finding that he was not a member of the crew. South Chicago Coal & Dock Co. v. Bassett, supra, 309 U.S. at page 260, 60 S.Ct. 544, 84 L.Ed. 732. As showing the significance of this factor, see the decisions of this Court in Warner Co. v. Norton, supra; Loverich v. Warner Co., 3 Cir., 1941, 118 F.2d 690. The defendant evidently did not stress seaman's qualifications for the job for which plaintiff was hired.

On the other hand, he was hired through the Seamen's Union. The hoister was not a wide traveler, and when moved any distance, was towed by a tug. Yet plaintiff worked at whatever travel there was by this vessel during this pile pulling job and the work of moving her took two hours out of each working day. But it is also true that the other six hours of the working day were spent in pulling pilings.

 In the Bassett case the Court noted that the word "crew" did not have "an absolutely unvarying legal significance."[5] (page 258 of 309 U.S., page 548 of 60 S.Ct., 84 L.Ed. 732). Nor does it have a well-defined factual significance under the Longshoremen's and Harbor Workers' Compensation Act.[6] But, certain guides there are, although they are by no means magic touchstones. The question concerns the plaintiff's "actual duties". Was the plaintiff on board "naturally and primarily" to aid in the vessel's navigation? South Chicago Coal & Dock Co. v. Bassett, supra, 309 U.S. at page 260, 60 S.Ct. at page 549, 84 L.Ed. 732. Did the plaintiff's duties pertain to the "welfare and operation of the vessel"? Warner Co. v. Norton, supra, 137 F.2d at page 59; Berwind-White Coal Mining Co. v. Rothensies, 3 Cir., 1943, 137 F.2d 60. As pointed out above, there were facts supporting a conclusion either way on the main question. We cannot say that a finding in the plaintiff's favor to the effect that he was a member of a crew would not be supported by the evidence. The dismissal by the trial court in effect said the opposite conclusion was the only possible one. This was error.

The judgment of the District Court is reversed and the case remanded for further proceedings not inconsistent with this opinion.

---

[5] Cf. 1 Knauth, Benedict on Admiralty (6th Ed.1940) § 79 f. n. 1, listing cases which have held a musician, a person manufacturing cod liver oil on board a fishing vessel, a caretaker of a vessel temporarily idle, a motion picture actor-navigator, "mariners". Cases are also noted where caretakers of Shipping Board laid-up fleet, musicians on a floating restau-

rant or museum have been held not to be "seamen".

[6] For instance, cf. Warner Co. v. Norton, supra, with Diomede v. Lowe, 2 Cir., 1937, 87 F.2d 296, certiorari denied sub nomine Moran Brothers Contracting Co., Inc., v. Diomede, 1937, 301 U.S. 682, 57 S.Ct. 783, 81 L.Ed. 1340.