**BOWEN v. SHAMROCK TOWING CO.**

No. 131.

Circuit Court of Appeals, Second Circuit.

Dec. 29, 1943.

---

George J. Engelman, of New York City, for appellant.

Desmond T. Barry, of New York City, for appellee.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This is an action under the Jones Act, 46 U.S.C.A. § 688, brought by a bargee against Shamrock Towing Company, owner of the barge upon which he was employed, to recover damages for personal injuries and maintenance and cure. The defendant's answer interposed as a defense that the plaintiff's exclusive remedy was under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., pursuant to which the defendant had provided a compensation policy which covered the plaintiff at the time of his accident. At a pretrial hearing the facts were stipulated. Thereupon the District Judge dismissed the complaint upon the merits on the ground that the plaintiff's only remedy was to seek compensation under the Act. The correctness of this ruling is

676

the sole question presented by the plaintiff's appeal.

The facts are not in dispute. The plaintiff holds the certificate of an ordinary seaman issued by the United States Department of Commerce. He was employed by the defendant as "captain" of its barge J. J. Burke at wages of $100 per month and his quarters aboard the barge. The barge has no motive power of its own; under tow it carries freight in interstate commerce between the states of New York, New Jersey and Connecticut. On January 30, 1942, a cargo of oil drums was laden on the barge at Bayonne, New Jersey, and she was towed to Pier B in Jersey City where the cargo was discharged. While she was tied up to Pier B on February 2, 1942, the plaintiff sustained injuries from carbon monoxide poisoning when he started the gas engine in the barge's pump house in order to pump out the bilges. He was the only person employed aboard the barge and his duties consisted of handling towing lines, handling the lines of mooring and unmooring the barge, pumping out the bilges, taking care of the running lights, handling the cargo papers, keeping the barge clean, making minor repairs and doing all necessary work in connection with the operation of the barge, except that he had no duty to perform any work in connection with loading or unloading the cargo.

█ The Longshoremen's and Harbor Workers' Compensation Act excludes from its provisions "A master or member of a crew of any vessel." 33 U.S.C.A. § 903(a) (1). Unless excepted by this clause, the plaintiff's remedy against his employer must be sought under the Act, 33 U.S.C.A. § 905; South Chicago Co. v. Bassett, 309 U.S. 251, 256, 60 S.Ct. 544, 84 L.Ed. 732. The cases involving bargemen employed on vessels without motive power of their own have left in some uncertainty the question whether such employees are within or outside the coverage of the Compensation Act. Considering himself bound by our decision in Diomede v. Lowe, 2 Cir., 87 F.2d 296, certiorari denied Moran Brothers Contracting Co. v. Diomede, 301 U.S. 682, 57 S.Ct. 783, 81 L.Ed. 1340, the District Judge held that the plaintiff was within the Act's coverage. It is the contention of the appellant that the Diomede decision cannot be deemed controlling in view of Cantey v. McLain Line, 312 U.S. 667, 61 S.Ct. 829, 85 L.Ed. 1111.

█ We think this contention is sound. Diomede v. Lowe, supra, held that the bargee of a dump scow, whose widow claimed compensation under the Act, was within its coverage, although the deputy commissioner had found to the contrary. The Cantey case, like the case at bar, involved a suit brought by a bargee under the Jones Act. Exceptions asserting that Cantey was entitled to compensation as a harbor worker were sustained by the District Court, 32 F.Supp. 1023, and we affirmed on the authority of the Diomede case. Cantey v. McLain Line, 2 Cir., 114 F.2d 1017. In a brief Per Curiam, 312 U.S. 667, 61 S.Ct. 829, 85 L.Ed. 1111, the Supreme Court reversed, remanding the cause to the District Court for further proceedings and citing as authority South Chicago Co. v. Bassett, 309 U.S. 251, 258, 259, 60 S.Ct. 544, 84 L.Ed. 732. Thus the Cantey case appears to be indistinguishable from the case at bar, unless a distinction can be found in the fact, stressed by the appellee, that Cantey's barge was in tow at the time of the accident while the appellant's barge was tied up at a pier. We do not regard this as a material difference. A vessel is not withdrawn from navigation by being tied up for a short time awaiting a new cargo. See Hawn v. American S. S. Co., 2 Cir., 107 F.2d 999, 1000; Carumbo v. Cape Cod S. S. Co., 1 Cir., 123 F.2d 991, 995. And whether or not a barge is in tow at the time of his accident does not necessarily determine whether the bargee is "a master or member of a crew of any vessel." We think the Cantey case is controlling.

█ As the Supreme Court's brief opinion indicates by its reference to pages 258-259 of the Bassett case, 309 U.S. 251, 60 S.Ct. 544, page 548, 84 L.Ed. 732, the word "crew" does not have an unvarying legal significance. The Bassett opinion makes clear that whether a given employee is or is not a "member of a crew" turns on questions of fact; and when compensation is claimed under the Longshoremen's and Harbor Workers' Compensation Act the authority to determine such questions is the deputy commissioner, whose finding, if there is evidence to support it, is made conclusive. Cf. Warner Co. v. Norton, 3 Cir., 137 F.2d 57. When, however, an employee sues under the Jones Act the question whether he is to be classified as a seaman or as a harbor worker covered by the Compensation Act presents issues of

fact for determination by the jury or the court, as the case may be. Carumbo v. Cape Cod S. S. Co., 1 Cir., 123 F.2d 991, 994. As Judge Hutcheson remarked in Henderson v. Glens Falls Indemnity Co., 5 Cir., 134 F.2d 320, 322, certiorari denied 319 U.S. 756, 63 S.Ct. 1175, a bargeman may or may not be a member of a crew of a vessel, within the exclusory provision of the Compensation Act, according to the facts of the particular case.

Upon the facts stipulated at the pretrial hearing it cannot be ruled as a question of law that the appellant was within the coverage of the Compensation Act. Cantey v. McLain Line, 312 U.S. 667, 61 S.Ct. 829, 85 L.Ed. 1111; Carumbo v. Cape Cod S. S. Co., supra; Warner Co. v. Norton, 3 Cir., 137 F.2d 57. Accordingly the judgment must be reversed and the cause remanded for further proceedings. It is so ordered.