**UNITED STATES LIGHTERAGE CORPORATION v. HOEY et al.**

No. 212.

Circuit Court of Appeals, Second Circuit.

May 8, 1944.

Thomas A. McDonald, of New York City, for plaintiff-appellant.

James B. M. McNally, U. S. Atty., of New York City (Florence P. Shientag, Asst. U. S. Atty., of New York City, of counsel), for defendant-appellee.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

AUGUSTUS, N. HAND, Circuit Judge.

The plaintiff-appellant owns and operates non-self-propelled barges documented under the laws of the United States and during the years 1936 to 1939 inclusive employed the customary bargees who were in sole charge of its vessels. It included in its Social Security Tax Returns for those years the earnings of its bargees and paid taxes thereon under Title IX of the Social Security Act, 42 U.S.C.A. § 1101 et seq., for the years 1936 to 1939, and under Title VIII thereof, 42 U.S.C.A. § 1001 et seq., for the years 1937 to 1939. Thereafter it filed refunding claims for these taxes and upon disallowance brought the present action for recovery. Both parties moved for summary judgment. The District Court denied the plaintiff's motion for a refund and granted the defendant's cross-motion to dismiss the complaint. In doing this the court overruled the contention of the plaintiff that its barge captains were excluded from the coverage of the Social Se-

curity Act. In our opinion they were excluded and accordingly the plaintiff-appellant became entitled to a refund and the judgment must be reversed.

The question whether the wages of plaintiff's bargees are subjected to taxation under the Social Security Act depends on the proper interpretation of Section 811(b) of Title VIII and Section 907(c) of Title IX of that Act. The foregoing sections are contained in the Social Security Act, Ch. 531, 49 Stat. 620, at pages 639, 643, respectively. Section 811(b) of Title VIII embraces in general wages, except—

"(5) Service performed as an officer or member of the crew of a vessel documented under the laws of the United States or of any foreign country."

Section 907(c) of Title IX provides that, for the purpose of the tax imposed on an employer on the wages of his employees, "employment" means any service, of whatever nature, performed within the United States by an employee for his employer, except—

"(3) Service performed as an officer or member of the crew of a vessel on the navigable waters of the United States."

The defendant submitted an affidavit by one Carlisle Burns, the business agent of the Lighter Captains' Union, Local 996, in opposition to the motion of the plaintiff for a summary judgment of recoupment, which sets forth the facts thought to support the contention of the defendant that the bargees were within the coverage of the Social Security Act. We append the pertinent portions of the affidavit in a footnote.[1]

In Berwind-White Coal Mining Co. v. Rothensies, 137 F.2d 60, 62, the Court of Appeals of the Third Circuit said in respect to bargees whose duties were practically identical with those we are considering in the bar: "As the primary duties of the * * * bargemen required their service aboard ship and their contribution thereto the welfare and operation of their vessels, * * * they come within the class of employees whose services are excluded by Sec. 811(b) (5) of the Social Security Act."

It is to be noticed that in Berwind-White Coal Mining Co. v. Rothensies, 45 F.Supp. 55, 57, the District Court made the following finding:

"11. The duties of the barge captains consisted of supervising the loading and unloading of barges, watching for leaks, pumping bilge-water, and setting up and

---

[1] The duties of barge and lighter captains consist of operating the hoisting equipment, if any, used in hoisting cargo to and from the lighter; in the absence of the foreman or runner and on specific instructions from the employer to hire necessary labor to load and unload cargo; to render such service in connection with the loading or unloading as may be reasonably required; to make lines fast and unfast when necessary; to tend to the slack of mooring lines as vessel rises with the tides and falls with the tides and as necessary to keep vessel properly moored to dock or other vessel as barge or lighter is being loaded or unloaded; to splice lines; to see that tarpaulins when such are used are properly secured in order to protect the cargo from the elements; to pump excess water from the hull of barge or lighter; to direct the stowing of cargoes being loaded on the barge or lighter; to report any unusual conditions with respect to the condition of the barge or lighter or its cargo to the employer; to report to the employer when barge or lighter is loaded or unloaded with cargo and as otherwise directed by the employer.

While a barge and/or lighter captain may be familiar with the winds, tides, depth of water and towing conditions, involving familiarity with the waters in which the vessel is towed, his duties do not require him to be so familiar, as these are the duties of the tug captain, who issues orders with respect to them, which are obeyed by the barge and/or lighter captain.

A barge and/or lighter captain should be familiar with the conditions of his vessel, but the proper inspection of the vessel to see that it is in fit condition for the carriage of cargo is a matter for the owner.

As to selecting a proper berth and taking soundings to ascertain the depth of water at such berth, the berth is selected in advance by the employer, and soundings are either known in advance or are taken by persons other than the barge and/or lighter captain.

While the barge and/or lighter captain may, in the event of towage, be familiar with the rules and regulations governing the length of hawsers to be used, the lights to be displayed by his barge or lighter, and as to proper length of tow line used between his barge and the tug or other vessel, these duties are those of the tug captain who issues orders with respect to them.

taking down running lights. The captains also checked on the tow lines between the barges and the tugs, and reported to the tugs if there was a break in the line in the course of transportation. In addition, the captains handled the lines with which the barges were attached to the tugs and the docks."

The duties of the bargees in the foregoing case evidently closely approximate those of the bargees in the case at bar.

In Norton v. Warner Company, 64 S.Ct. 747, the Supreme Court affirmed the decision rendered by the Court of Appeals of the Third Circuit in Warner Co. v. Norton, 137 F.2d 57, and held that a bargee was a "member of the crew" within the meaning of the Federal Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 903, and as such was not within the coverage of that Act, which provides at Ch. 509, § 3, 44 Stat. 1426, that:

"No compensation shall be payable in respect to the disability or death of—

"(1) A master or member of a crew of any vessel * * *."

While in Norton v. Warner Company there apparently were no duties on the part of the bargees with reference to the cargo, here, as in Berwind-White Coal Mining Co. v. Rothensies, 3 Cir., 137 F.2d 60, the primary duties of the plaintiff's bargemen required their service aboard ship and their contribution there to the welfare and operation of their vessels. As the district judge held, the employees "performed no extraordinary duties but merely those of ordinary barge captains". His next statement to the effect that "such duties may be described as loading and unloading of the vessel; proper handling and stowing of the cargo; protection of the cargo while on the vessel", not only omits to mention the primary duties of the bargees in respect to their vessels, which all the affidavits describe, but tends to treat the bargees as if they were mere stevedores because the affidavit of Carlisle Burns said that they were under the duty "of operating the hoisting equipment, if any, used in hoisting cargo to and from the lighter", had authority "in the absence of the foreman and runner and on specific instructions from the employer to hire necessary labor to load and unload cargo", and were under obligation "to render such services in connection with the loading and unloading as may be reasonably required" and "to direct the stowing of cargoes".

We do not regard a duty of a bargee to work hoisting equipment on a lighter and to render "such services in connection with the loading and unloading as may be reasonably required" as sufficient to take him out of the class of a "member of the crew", or to afford a reason for introducing constant distinctions in the classification of bargees under the Social Security Act. An officer or member of the crew of any vessel might have such duties without ceasing to come within the exemption of the Social Security Act. If members of the crew are to be differentiated because of such additional duties, we think that it is for the Supreme Court, and not ourselves, to make the distinction. As matters stand, the decision in Norton v. Warner Company, supra, seems to us to be controlling and to entitle the plaintiff to recover the taxes it has erroneously paid the collector upon the wages of its employees. This we think may be said to be in accord with Article 10 of Regulation 91, Social Security Act, Title VIII, which reads as follows:

"Art. 10 Officers and Members of Crews,—

"The expression 'officers and members of the crew' includes the master or officer in charge of the vessel, however designated, and every individual, subject to his authority, serving on board and contributing in any way to the operation and welfare of the vessel. The exception extends, for example, to services rendered by the master, mates, pilots, pursers, surgeons, stewards, engineers, firemen, cooks, clerks, carpenters, deck hands, porters, and chambermaids, and by seal hunters and fishermen on sealing and fishing vessels.

"The word 'vessel' includes every description of watercraft or other contrivance, used as a means of transportation on water. It does not include any type of aircraft."

It is said that one of the reasons for exempting the wages of members of the crew of a vessel from Social Security Taxes was the administrative difficulty of collecting taxes on the wages of persons whose service was likely to be transient and casual. This would certainly seem to be applicable to bargemen, even more so than to domestic servants and agricultural laborers, who were placed outside of the coverage of the Act. The subsequent amendment of August, 1939, 53 Stat. p. 1384, 26 U.S.C.A. Int.Rev.Code, § 1426(b),

effective January 1, 1940, whereby the exemption of the wages of members of a crew from Social Security Taxes appears to have been narrowed has, we believe, no bearing on the taxes for the years 1936 to 1939, inclusive, which are involved in the case at bar, since the earlier and different exemption applies to those years.

The judgment is accordingly reversed and the cause remanded with directions to enter judgment for the plaintiff-appellant for $986.77, plus interest, as demanded in the complaint.