### ZURICH et al. v. CARDILLO et al.

### Nos. 8449, 8499.

Circuit Court of Appeals, Third Circuit.

Argued May 1, 1944.

Decided June 16, 1944.

George H. Detweiler, of Philadelphia, Pa., for Employers Liability Assurance Corporation.

Samuel Weinrott, of Philadelphia, Pa., for John Zurich.

Mark E. Lefever, of Philadelphia, Pa., for Benjamin Ulanski.

Before JONES and GOODRICH, Circuit Judges, and GANEY, District Judge.

JONES, Circuit Judge.

Acting in pursuance of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., the deputy commissioner awarded compensation to the injured employee claimant and made an allowance to his physician for the latter's medical services. The employer and its insurance carrier separately took the pending appeals from the judgments of the District Court sustaining the commissioner's award after augmenting the amount of the allowance for medical expenses.

After the appellants had filed their respective briefs and joint appendix on the appeals but before the appellees had had their briefs printed, the appeals were brought to our attention by the concerted action of counsel for all parties who were unanimously of the opinion that, under the undisputed facts appearing of record in the instant case and in view of the decision of the Supreme Court in Norton v. Warner Company, 321 U.S. 565, 64 S.Ct. 747, decided March 27, 1944, affirming this Court's decision in that case, 137 F.2d 57, the employee claimant was a seaman and not a longshoreman or harbor worker. If that be so, then manifestly the deputy commissioner was without jurisdiction to make an award for the injuries suffered by the employee claimant. The Compensation Act specifically excludes a master or member of the crew of a vessel from its purview.

Counsel for the appellants have filed a motion in this Court for the dismissal of the bill of complaint in the District Court, which sought enlargement of the commissioner's order of award, and the appellees have filed a joint answer admitting the material averments of fact contained in the appellants' motion. The appeals have now been submitted by counsel for all interested parties for our disposition without the filing of printed briefs for the appellees. It is quite evident from the admitted facts in the record before us that the employee, for whose injuries compensation and medical expenses were claimed and allowed, was a seaman. His duties, as contemplated by his contract of employment and as evidenced by the place and manner of their performance, cannot be distinguished in any particular from those of the employee in Norton v. Warner Company, supra, and in Loverich v. Warner Co., 3 Cir., 118 F. 2d 690, certiorari denied 313 U.S. 577, 61 S.Ct. 1104, 85 L.Ed. 1535. See also Berwind-White Coal Mining Co. v. Rothensies, 3 Cir., 137 F.2d 60. Consequently, the employee claimant does not come within the scope of the Longshoremen's and Harbor Workers' Compensation Act. We cannot, therefore, do other than reverse the judgments of the District Court and enter an appropriate order of remand.

Accordingly, the judgments of the District Court are reversed without costs and the cause remanded to the District Court with directions to dismiss the proceeding for want of jurisdiction in the deputy commissioner.