**PACIFIC ATLANTIC STEAMSHIP COMPANY, a corporation, Appellant,**

v.

**Emma HUTCHISON, Administratrix of the Estate of Nathaniel Patrick Hutchison, deceased, Appellee.**

**No. 15091.**

United States Court of Appeals
Ninth Circuit.

March 27, 1957.

Rehearing Denied May 13, 1957.

Lasher B. Gallagher, San Francisco, Cal., for appellant.

Simpson, Wise & Kilpatrick, Raymond C. Simpson, George E. Wise and Robert

J. Kilpatrick, Long Beach, Cal., for appellee.

Before STEPHENS and HAMLEY, Circuit Judges, and CLARK, District Judge.

CLARK, District Judge.

This is an appeal from a judgment entered in the District Court in favor of the Plaintiff, Appellee, for damages in the sum of $45,000.00. The action was originally filed in the District Court in 1952, the first amended complaint being filed October 2, 1952, wherein the Plaintiff, in two causes of action, sought recovery because of pain and suffering endured by her husband, and pecuniary loss because of the alleged wrongful death of her husband.

A trial was had before the Court and jury in October, 1952, and the Jury, by its verdict filed October 29, 1952, found against the Plaintiff, and in favor of the Defendant on each count.

An appeal was taken to this Court where the judgment on that verdict was reversed and the matter remanded to the District Court for a new trial. A brief statement of the facts are contained in that opinion as follows:

"Hutchison, who had worked as a seaman aboard merchant vessels for seven years, secured employment in New York City on April 17, 1951, as an able-bodied seaman with deck maintenance duties aboard the S.S. Linford Victory, a vessel operated by appellee. On April 24th, in the port of Baltimore, at approximately 8:00 a. m., Hutchison and several other seamen were ordered to clean a lower 'tween-deck area. In descending to and ascending from this 'tween-deck area the men used an iron ladder adjacent to an open ventilator shaft. Hutchison worked at least part of the morning, but did not report back for work after lunch at 1:00 p. m. The men who had been working with him concluded that he had gone ashore to take a day off, as sailors were in the habit of doing. He did not report for work the next day, April 25th. When, on April 26th, he was again absent from duty, the chief mate telephoned the Baltimore police to inquire whether he was being held in custody. The police had no record of his being held. No other effort was made to ascertain his whereabouts. A search of the forecastle and the messroom was made but no general search of the ship was instituted because it was assumed that he had gone ashore. The Linfield Victory left Baltimore supposedly without him, arriving at Philadelphia on April 29th. On April 30th, six days after Hutchison's disappearance, his body was discovered by the chief electrician at the bottom of the ventilator shaft adjacent to the ladder leading to the 'tween decks area where the men had worked on April 24th. The ventilator shaft was uncovered and unlighted.

"The autopsy disclosed that his death was caused by a fractured skull and subdural hemorrhage." Hutchison v. Pacific-Atlantic Steamship Co., 9 Cir., 217 F.2d 384, 385.

A second trial was had before the Court and jury on the same set of facts together with some additional facts not covered in the above statement, but which do not change the case materially. Based on those facts and the instructions of the court, the jury returned a verdict in favor of the plaintiff. The matter is before this Court now on appeal from Judgment on the verdict.

■ The first contention made by the Appellant is that the Court is without jurisdiction. The question of jurisdiction was passed on by this court in the above cited case. The allegations of the Complaint are in the customary language of the Jones Act, 46 U.S.C.A. § 688, and, as contended by the Appellee, the complaint alleged in effect that Hutchison was employed as a seaman on the Linford Victory, a vessel plying navigable waters. This was sufficient. McKie v. Diamond Marine Company, 5 Cir., 204 F.2d 132, 136; Schantz v. American

Dredging Company, 3 Cir., 138 F.2d 534.

As to the claimed errors dealing with the sufficiency of the evidence, a study of the record shows an abundance of evidence that warranted the submission of the case to the jury. We find no reason because of this assignment to interfere with the findings of the jury. The court can find no error in the rulings on the admissibility of the evidence.

As to the instructions, it will be noted that it is seriously contended by the Appellant that the trial court, on Motion duly made, refused to strike Paragraph 9 of the Complaint, which alleges negligence in failing to search for decedent. Although the Court feels that this was not error, the record discloses that although the trial judge instructed the jury in deciding the issue of negligence on the first cause of action for conscious pain and suffering, that they might consider both appellant's failure to provide Hutchison a safe place to work and the failure to conduct a search for him, the trial court also charged that in deciding the issue of negligence on the second cause of action on wrongful death, they might consider only Appellant's negligence in failing to provide a safe place in which to work, taking from them the issue of failure to conduct a search. It was on this second cause of action that the jury returned a verdict in favor of the Appellee.

Appellant objected to the trial court's refusal to give certain instructions and assignments of error are made concerning the giving of instructions. We find no merit in these objections. Appellant also earnestly contends that the Court erred in refusing to give the Appellant a reasonable time and opportunity to assign as errors the giving of, and the failure of the court to give, instructions, in that the Appellant's attorney was arbitrarily denied a reasonably sufficient time and opportunity to state distinctly the matters to which the Appellant objected and the grounds of its objections. This contention is without merit.

The trial Court was very careful in its charge to the jury, and we see no error in the limitation of time afforded counsel to assign as error the giving or failure to give instructions. We think the Court was very indulgent with counsel in allowing a half hour for this purpose.

The Court having found that the Judgment is amply supported by the evidence, and that the errors complained of are without merit, the Judgment of the Trial Court is

Affirmed.