425 P.2d 740

Dennis MIRABAL, Plaintiff-Appellant,

v.

INTERNATIONAL MINERALS & CHEM-
ICAL CORPORATION, De-
fendant-Appellee.

No. 8150.

Supreme Court of New Mexico.

Feb. 27, 1967.

Rehearing Denied April 10, 1967.

Lorenzo A. Chavez, Melvin L. Robins, R. F. Deacon Arledge, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, William C. Briggs, Albuquerque, for appellee.

OPINION

COMPTON, Justice.

This is an appeal from a summary judgment in favor of the appellee International Minerals & Chemical Corporation. On September 17, 1964, appellant was injured in an accident while working in appellee's underground potash mining operations. The accident resulted in the loss of the lower portion of appellant's left leg. His hospital, medical and surgical expenses were paid by Liberty Mutual Insurance Company, hereafter referred to as Liberty Mutual, appellee's workmen's compensation insurance carrier. He was sent to a special facility for the fitting of an artificial limb and for rehabilitation, and was paid workmen's compensation benefits for a period of 34 weeks, all at Liberty Mutual's expense.

Thereafter, on May 28, 1965, appellant filed suit under the New Mexico Workmen's Compensation Act to secure additional weekly compensation payments. Although the payments to appellant were stopped after 34 weeks, it now appears from the record that Liberty Mutual has tendered to appellant the full amount of the benefits due him under the Workmen's Compensation Act, which tender has been refused.

Subsequently, on June 25, 1965, appellant brought this action against appellee based upon common-law negligence. Summary judgment was granted and the appellant has appealed.

Appellant contends that when he sustained his injury on September 17, 1964, appellee had not complied with § 59–10–3, N.M. S.A.1953, as that statute read before the 1965 amendment, because of its failure to file a policy of insurance or other security for payment of compensation benefits with the district court. The contention must be rejected. The record shows that Liberty Mutual issued an insurance policy to appellee effective from July 1, 1963, to July 1, 1964, pursuant to a plan of continuous coverage extending from July 1, 1963, to July 1, 1966. Admittedly, that policy was properly filed with the district court.

Further, on June 23, 1964, Liberty Mutual wrote appellee a letter, stating in part:

"Workmen's Compensation will be renewed under the existing three year retrospective rating plans. * * *

"Please accept this letter as evidence of coverage, effective July 1, 1964, of Workmen's Compensation. * * * *"

True, the actual policy purporting to provide coverage from July 1, 1964, to July 1, 1965, was not prepared until September 9, 1964, and was not filed with the district court until October 22, 1964, forty days after appellant sustained his injury.

Appellant argues that since the policy was not filed prior to the accident, the case is controlled by Addison v. Tessier, 62 N.M. 120, 305 P.2d 1067. He also cites in support of his position the cases of Maise

v. Delaney, 134 N.W.2d 770, (S.D.1965).; Utah Idaho Sugar Co. v. Temmey, 68 S.D. 623, 5 N.W.2d 486; and Richardson v. Farmers' Co-Operative Union, 45 S.D. 357, 187 N.W. 632. The cases are readily distinguishable as the employers in those cases had not obtained insurance or other compensation protection. But here, Liberty Mutual's *continuous* coverage and its letter created a binding contract of insurance between it and appellee. See Maryland Casualty Company v. Foster, 76 N.M. 310, 414 P.2d 672, and Harden v. St. Paul Fire & Marine Ins. Co., 51 N.M. 55, 178 P.2d 578.

The purpose of depriving a noncomplying employer of the common-law defenses under an elective act such as ours is to cause the employer to obtain compensation protection. Horovitz, Workmen's Compensation, p. 317. It would seem contrary to legislative intent that any technical delay which in no way prejudices a claimant would give rise to a common-law suit.

The purpose of our act is to avoid uncertainty in litigation and to assure injured workmen prompt payment of compensation, and we have often said that the act should be liberally construed to accomplish the purposes for which it was enacted. Gammon v. Ebasco Corporation, 74 N.M. 789, 399 P.2d 279. That doctrine is as applicable to the employer here, and employees generally, as to an individual claimant.

We think there was substantial compliance with the provisions of the Workmen's Compensation Act regarding insurance, and that other remedies are thereby excluded. Section 59–10–6, N.M.S. A.1953.

It follows from what has been said that the judgment appealed from must be affirmed. It is so ordered.

CHAVEZ, C. J., and SPIESS, J., Court of Appeals, concur.