550 P.2d 264

R. L. WILLIAMS, dba New Mexico Mill &
Lumber Company and J. B. Gaza-
way, Petitioners,

v.

John MONTANO, Administrator of the Es-
tate of Thomas Chester Cruz,
Deceased, Respondent.

No. 10818.

Supreme Court of New Mexico.

May 3, 1976.

Shaffer, Butt, Jones & Thornton, J. Duke Thornton, Albuquerque, for petitioners.

Zamora, Ribe & Rael, Pedro G. Rael, Santa Fe, for respondent.

## OPINION

STEPHENSON, Justice.

This appeal was taken from an order dismissing a tort claim by the administrator of the estate of Thomas Cruz, who was injured while employed by the defendant Williams. The trial court held that the tort claim was barred by the Workmen's Compensation Act and dismissed the claim with prejudice. The Court of Appeals reversed. *Montano v. Williams*, 89 N.M. 86, 547 P.2d 569 (Ct.App.1976). We granted certiorari.

The plaintiff brought suit for the wrongful death of Thomas Cruz. The trial court dismissed the action, ruling that since Williams substantially complied with the Workmen's Compensation Act,[1] a common law suit in tort was barred. The defendant

---

1. The applicable statutes are §§ 59–10–5, –6, N.M.S.A.1953:

59–10–5. *Defenses to action by employee.*

. . . .

Any employer who has complied with the provisions of the Workmen's Compensation Act [59–10–1 to 59–10–37] relating to insurance, or any of the employees of the employer, including management and supervisory employees, shall not be subject to any other liability whatsoever for the death of or personal injury to any employee, except as provided in the Workmen's Compensation Act, and all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common-law rights and reme-

dies for and on account of such death of, or personal injury to any such employee and accruing to any and all persons whomsoever, are hereby abolished except as provided in the Workmen's Compensation Act.

59–10–6. *Right to Compensation—Exclusive.* —The right to the compensation provided for in this act [59–10–1 to 59–10–37], in lieu of any other liability whatsoever, to any and all persons whomsoever, for any personal injury accidentally sustained or death resulting therefrom, shall obtain in all cases where the following conditions occur:

A. at the time of the accident, the employer has complied with the provisions thereof regarding insurance; . . . . .

failed to file a policy of insurance, a certificate of proof thereof, a security bond, or a certificate of self-insurance with the clerk of the district court as required by § 59–10–3, N.M.S.A.1953.[2] In fact, the defendant never filed anything with the district court clerk, although he did have an insurance policy with Universal Underwriters that supposedly covered the decedent. In addition, certain funeral benefits were paid by Universal to the estate, but a copy of the policy has never been produced, and compliance with § 59–10–3 has never even been attempted by Williams.

The Court of Appeals reversed the dismissal, perhaps on the grounds that strict compliance with the Workmen's Compensation Act was required. They stated:

> The failure of an employer to comply *in any way* constitutes a violation of the Act and subjects him to a claim for negligence by an employee. (emphasis added).

Our concern with the opinion of the Court of Appeals stems from the quoted statement, particularly the emphasized portion. We do not know what it means. The Court of Appeals may have meant that failure by the employer to comply with any of the alternative methods prescribed by § 59–10–3 (the Court of Appeals enumerated three; actually there are four) would permit the successful prosecution of a common law tort action. With this we would agree. The Court of Appeals could have meant that "any" failure of compliance with the sta-

tute, even an inconsequential, nonprejudicial or unsubstantial one, would permit maintenance of a common law action. If this was intended, we do not agree.

 In any case, the quoted statement is misleading and could be read as changing the standard previously expressed in New Mexico. If an employer substantially complies with the Act, then an injured employee's common law remedies are foreclosed. *Mirabal v. International Minerals & Chemical Corp.*, 77 N.M. 576, 425 P.2d 740 (1967); *Quintana v. Nolan Bros., Inc.*, 80 N.M. 589, 458 P.2d 841 (Ct.App.1969). In *Mirabal* the employer filed his insurance policy forty days after the claimant was injured. The filing was thus not in strict compliance with the statute, but it was substantial enough to foreclose a tort action by the employee against the employer. In *Quintana* the policy was filed seventy-six days after the accident, and this late filing was also held to be substantial compliance. The standard in New Mexico for foreclosure of an employee's common law remedies is whether the employer has substantially complied with the Workmen's Compensation Act. Strict compliance is not necessary.

 The defendant Williams did not substantially comply with the Act. He neither filed the policy or proof of it nor made any other attempt to comply with § 59–10–3, N.M.S.A.1953. There was not even minimal compliance, much less substantial compliance.

---

2. "Every such employer engaged in any such occupation shall file in the office of the clerk of the district court for the county in which such workman is, or it is contemplated at the time of such agreement such workman is to be employed, previous to or within thirty [30] days after having made any such agreement, express or implied, with such workman, unless the judge of such district court shall, by order duly filed in the office of said clerk, extend the time therefor, in which event the same shall be so filed within the time as so extended, good and sufficient undertaking in the nature of insurance or, evidence thereof in the form of a certificate, or security for the payment to any and all such injured workmen, or, in case of death, to the person appointed by the court to re-

ceive the same, for the benefit of the dependents, if any there be, entitled thereto hereunder, except that in case any employer shall be able to show to the satisfaction of such judge that he, or it, is financially solvent, and that the giving of such security is unnecessary, such judge shall issue thereto a certificate to that effect, which shall also be filed with said clerk and thereupon such employer shall be excused from filing such undertaking otherwise required until the further order of such judge, if any, directing otherwise. . . ."
This provision was in effect at the time of the accident. Section 59–10–3 has since been amended. See § 59–10–3, N.M.S.A. (Supp.1975).

The result reached by the Court of Appeals is affirmed. The trial court's order dismissing the tort claim is reversed.

IT IS SO ORDERED.

OMAN, C. J., and McMANUS, MONTOYA and SOSA, JJ., concur.