583 P.2d 468

**STATE of New Mexico ex rel. Toney ANAYA, Attorney General of New Mexico, Plaintiff-Appellee,**

v.

**COLUMBIA RESEARCH CORPORATION, an Illinois Corporation, Raymond D. Anderson, et al., Defendants-Appellants.**

**No. 11486.**

Supreme Court of New Mexico.

Sept. 13, 1978.

Catron, Catron & Sawtell, Thomas B. Catron, III, Santa Fe, for defendants-appellants.

Toney Anaya, Atty. Gen., Steven Asher, Robert N. Hilgendorf, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HILL, District Judge, sitting by designation.

The Attorney General of the State of New Mexico, pursuant to § 4–3–2, N.M.S.A. 1953 (Supp. 1975), § 49–15–7, N.M.S.A. 1953

(Supp. 1975), and § 49–15–15, N.M.S.A. 1953 (Supp. 1975), filed suit in the District Court of Santa Fe County against Columbia Research Corporation, an Illinois corporation, and Raymond D. Anderson, a resident of Ohio, individually and as president and director of Columbia Research Corporation. Service was made upon Raymond D. Anderson by personal service of process upon him in the State of Illinois pursuant to § 21–3–16 A(1) and B, N.M.S.A. 1953 (Supp. 1975).

On March 2, 1977 defendants filed a motion to dismiss for lack of jurisdiction pursuant to N.M.R. Civ. P. 12(b)(2), (4) and (5) [§ 21–1–1(12)(b)(2), (4) and (5), N.M.S.A. 1953 (Repl. 1970)]. The district court determined that the allegations of plaintiff's complaint, together with the proof offered at the hearing, vested the court with in personam jurisdiction over Raymond D. Anderson and jurisdiction over Columbia Research Corporation, and it entered an amended order denying the defendants' motion to dismiss.

Defendants Columbia Research Corporation and Raymond D. Anderson filed an application for an order allowing immediate appeal in the Supreme Court. Following a hearing, this Court entered an order granting the appeal as to Raymond D. Anderson only.

This appeal is from the decision of the district court denying defendant Raymond D. Anderson's motion to dismiss and its specific finding that it has personal jurisdiction over the defendant Anderson. We reverse.

The complaint contains certain allegations which, if proven, bring the defendant Anderson personally within the jurisdiction of the District Court of Santa Fe County, New Mexico. *McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, (1957); *Internat. Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *United Nuclear Corp. v. General Atomic Co.*, 90 N.M. 97, 560 P.2d 161 (1976); *Blount v. TD Publishing Corporation*, 77 N.M. 384, 423 P.2d 421 (1966); *State v. Reader's Digest Association, Inc.*, 81 Wash.2d 259, 501 P.2d 290 (1972), *appeal dismissed*, 411 U.S. 945, 93 S.Ct. 1927, 36 L.Ed.2d 406 (1975). These allegations are essentially that the defendant Raymond D. Anderson is president and director of the corporate defendant, Columbia Research Corporation, that he managed and controlled the unlawful acts and practices conducted throughout the State of New Mexico, and that he did or authorized such acts while acting in the scope of his authority, duties or employment.

Defendant Anderson, in his verified motion to dismiss, stated under oath that he had never been physically within the State of New Mexico, that he had not transacted any business within the State of New Mexico, and that he had not done any act which would submit him to the personal jurisdiction of any court of the State of New Mexico.

Properly challenged allegations of jurisdictional facts in a complaint must be supported by competent proof. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936), *Taylor v. Portland Paramount Corporation*, 383 F.2d 634 (9th Cir. 1967).

We hold that the allegations of jurisdictional facts in the instant case were properly and adequately traversed and challenged. Consequently, the State had the burden to prove the jurisdictional allegations at the hearing on Raymond D. Anderson's motion to dismiss. *McNutt v. General Motors Acceptance Corp., supra, Taylor v. Portland Paramount Corporation, supra.* The record of the hearing before the district court on the motion to dismiss fails to reveal proof of the jurisdictional allegations contained in the complaint. Therefore, it follows that the State failed to establish in personam jurisdiction over the defendant Raymond D. Anderson.

For the foregoing reasons, we reverse the decision of the trial court.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, PAYNE and FEDERICI, JJ., concur.