590 P.2d 656

**Jane Jessie SHOPE, Personal Representative of the Estate of George Dewey Shope, Deceased, Plaintiff-Appellant,**

v.

**DON COE CONSTRUCTION COMPANY, a corporation, Defendant-Appellee.**

**No. 3457.**

Court of Appeals of New Mexico.

Jan. 25, 1979.

Morris Stagner, Keith R. Oas, Stagner, Higginbotham & Oas, P. A., Roswell, for plaintiff-appellant.

Wm. F. Brainerd, Roswell, for defendant-appellee.

## OPINION

SUTIN, Judge.

Plaintiff sued defendant for damages for wrongful death of decedent. His death occurred while decedent was employed by defendant and acting within the scope of his employment. Defendant filed a motion to dismiss plaintiff's complaint because plaintiff's common-law action was barred by reason of the Workmen's Compensation Act. The motion was granted. Plaintiff's complaint was dismissed with prejudice and plaintiff appeals. We affirm.

Decedent was employed by defendant on Sunday, August 14, 1977 and died as a result of an electrocution by accident that occurred on August 25, 1977. Defendant's compensation insurer sent plaintiff checks for workmen's compensation benefits but the checks were not cashed, and on September 12, 1977, plaintiff filed a claim for lump-sum payment of workmen's compensation. We assume that plaintiff filed the workmen's compensation claim because she believed that defendant had insurance coverage and had filed a certificate of insurance previous to or within 30 days after decedent's employment began as provided in § 52-1-4, N.M.S.A.1978. Evidently, a certificate of insurance had been issued to defendant on or prior to August 25, 1977, the date of decedent's death. Otherwise, the compensation insurer would not have sent plaintiff the compensation checks.

Decedent's employment began August 14, 1977. The time for filing the certificate of insurance was September 13, 1977. Defendant filed the certificate of insurance on September 28, 1977, 15 days later. On October 17, 1977, plaintiff's claim was dismissed because it was prematurely filed.

Defendant's compensation insurer continued to send plaintiff checks for compensation benefits to date, but none of them have been cashed.

When plaintiff learned that the certificate of insurance was late in filing, she waited 30 days after her workmen's compensation claim was dismissed and on November 16, 1977 she filed this common-law action. She claims now that since defendant did not comply with the mandatory filing requirements of § 52–1–4, decedent was not conclusively presumed to have accepted the provisions of the Workmen's Compensation Act as provided in § 52–1–6(C); that plaintiff has the right to a common-law action for damages.

We must keep in mind that defendant actually had compensation insurance within the mandatory 30 day period, but was late in filing the certificate by 15 days.

Section 52–1–4 provides that the employer "shall file" a certificate of insurance previous to or within 30 days after a workman's employment begins. This is mandatory language. Why and for what purpose?

■ Section 52–1–4 is a long and complicated section. It concludes with the statement that the certificate of insurance filed, as provided for in this section, shall state that the insurer shall be directly and primarily liable to the workman. The purpose, then, of the mandatory filing requirement is to notify a workman that the employer has complied with the insurance requirements of the Act; that the employer is subject to the provisions thereof and that the workman is conclusively presumed to have accepted its provisions.

If this purpose is effected before a workman files a common-law action, we hold that the mandatory filing requirement is met because late filing accomplishes the same purpose as mandatory filing requirements. When the same purpose is accomplished we call it "substantial compliance." Therefore, substantial compliance is actual compliance.

We stated this rule in *Montano v. Williams*, 89 N.M. 86, 547 P.2d 569 (Ct.App.), aff'd, 89 N.M. 252, 550 P.2d 264 (1976). Plaintiff was allowed to file a common-law action for damages. The employer had paid funeral benefits to the mortuary on behalf of a decedent employee and the employer testified that he had workmen's compensation insurance. But the employer failed to produce evidence of insurance coverage. In the course of the opinion, we held that a technical delay in filing a workmen's compensation policy after an employee suffered an injury, *but prior to the time the employee filed his common-law action*, was substantial compliance with the insurance requirements of the Workmen's Compensation Act. When substantial compliance exists, the very purpose of the Act has been accomplished. *Quintana v. Nolan Bros., Inc.*, 80 N.M. 589, 458 P.2d 841 (Ct.App. 1969); *Mirabal v. International Minerals & Chemical Corp.*, 77 N.M. 576, 425 P.2d 740 (1967).

Plaintiff relies on *Addison v. Tessier*, 62 N.M. 120, 305 P.2d 1067 (1957) in which case an employee was allowed to pursue a common-law action against his employer. Naturally so, because the employer failed to obtain workmen's compensation insurance and did not relieve himself of this requirement.

■ Plaintiff argues strongly that a defendant "should not be allowed to take advantage of the provisions of the Act where it failed to comply with the mandatory requirement of the Act to file a policy of insurance." Common sense concludes, however, that where an employer actually had insurance coverage and complied with insurance requirements on a continuing basis annually, but simply overlooked filing a certificate of insurance in time, plaintiff should not be allowed to switch horses in the middle of the stream and take advantage of defendant by putting it to the expense of defending a common-law action and paying retribution. Workmen's compensation benefits extend for a period of 600 weeks, approximately eleven and one-half years, to provide decedent's family with financial security. This benefit satisfies the socio-economic standards of the day. Defendant did not take advantage of the provisions of the Act.

A line has been drawn between the right of a workman to a common-law action

against an employer, and the right of the employer to subject the workman to the Workmen's Compensation Act. Where the employer has actually failed to obtain insurance coverage and no insurance coverage exists at the time the common-law action is filed, the workman's right to the common-law action is conclusive. Where insurance coverage exists in fact, but notice thereof is not given the workman due to delay in filing the evidence of insurance coverage, the workman is subject to the Workmen's Compensation Act. If a common-law action was not filed prior to filing of insurance coverage, the workman does not escape the provisions of the Act. If the legislature had intended late filing by the employer to remove the workman from the Act, it would have stated this fact in § 52–1–4. Inasmuch as compensation insurance was actually obtained, an employer is protected by the Workmen's Compensation Act. Mere technicalities of this nature play no part in destroying the purpose and the fair administration of the Act.

We hold that plaintiff is governed by the provisions of the Workmen's Compensation Act.

Defendant also claims that § 52–1–6(C) is unconstitutional in that plaintiff was denied the equal protection of the law in the light of § 52–1–7.

Section 52–1–6(C) reads:

Every employee shall be conclusively presumed to have accepted the provisions of the Workmen's Compensation Act, if his employer is subject to the provisions thereof and has complied with its requirements, including insurance.

Section 52–1–7 provides in pertinent part:

A. Notwithstanding any provisions to the contrary in the Workmen's Compensation Act, *an employee* as defined in Subsection F [of this section] *of a professional or business corporation* . . . may affirmatively elect not to accept the provisions of the Workmen's Compensation Act.

\* \* \* \* \* \*

F. For purposes of this section:

(1) executive officer shall mean the chairman of the board, president, vice president, secretary or treasurer.

(2) employee means executive officer owning ten per cent or more of the outstanding stock of a professional or business corporation. [Emphasis added.]

Plaintiff claims she was denied the equal protection of the law because decedent could not elect not to be bound by the Act, whereas the executive class of workmen can; that to permit the executive class of workmen election of coverage and to deny the rest of the workmen such election is discriminatory and invalid.

We note that in 1957, the "conclusively presumed" section granted a workman the right to elect not to become subject to the provisions of the Act by giving notice in writing to his employer and to the clerk of the district court. Section 59–10–4(E), N.M.S.A.1953. This portion of the section was deleted in 1973. N.M.Laws 1973, Ch. 240, § 2.

■ Plaintiff is not in a position to challenge the constitutionality of § 52–1–6(C). Decedent did not affirmatively elect not to accept the provisions of the Act, nor was such election denied. Decedent accepted the provisions of the Workmen's Compensation Act and plaintiff is bound thereby.

However §§ 52–1–6(C) and 52–1–7 were adopted in the "New Mexico Occupational Disease Disablement Law." *See* §§ 52–3–5 and 52–3–6, N.M.S.A.1978. This constitutional question is a matter of public interest and should be decided now rather than put workmen and employers to the test by way of harassment, expense and delay of litigation.

Executive employers of a business or professional corporation are classified differently than ordinary workmen. Of course, no definite rule can be laid down as to when a classification for purposes of legislation is justified. The special circumstances in each case govern the decision of this Court.

■ In arriving at this decision, we do not inquire into the wisdom, the policy or the justness of the legislative act that cre-

ates different classifications. The legislature is accorded a wide field of choice. The fact that the legislature has adopted the classification is entitled to great weight. If the basis adopted for the classification seems plausibly reasonable to the legislature, we will not disturb the groupings merely because the basis therefore may appear to us unreasonable and unjust.

The only pertinent question regarding classification is this:

Is it so wholly devoid of any semblance of reason to support it, as to amount to mere caprice, depending on legislative fiat alone for support?

If any doubt exists, it is our duty to resolve all doubts as to its constitutionality in favor of the validity of the law. We look to see whether there is a substantial distinction between those to whom it does apply and those to whom it does not apply. If the difference in classification is based upon a substantial distinction, the statute is constitutional. Equal protection does not prohibit different classifications for legislative purposes. Each classification is so framed as to embrace equally all who may be in like circumstances and situations.

Otherwise the difference in classification is discriminatory and invalid.

All of the foregoing are the rules established in *State v. Pate*, 47 N.M. 182, 138 P.2d 1006 (1943) and *Gruschus v. Bureau of Revenue*, 74 N.M. 775, 399 P.2d 105 (1965).

We say without hesitation that a substantial distinction exists between an executive officer of a business or professional corporation and an ordinary workman. Each of these classifications are not "wholly devoid of any semblance of reason to support it, as to amount to mere caprice."

We hold that the denial of decedent the right to election coverage is a constitutional classification and § 52–1–6(C) is valid.

Affirmed.

IT IS SO ORDERED.

LOPEZ and WALTERS, JJ., concur.