622 P.2d 706

**Bill BALDWIN as Executor for the Estate of Daniel Baldwin, Plaintiff-Appellee,**

v.

**WORLEY MILLS, INC., and Calvin Mason, Individually, Defendants-Appellants.**

**No. 4494.**

Court of Appeals of New Mexico.

Sept. 2, 1980.

Rehearing Denied Sept. 9, 1980.

Writ Quashed Jan. 26, 1981.

Bruce G. Stafford, Cedar Crest, for plaintiff-appellee.

William G. W. Shoobridge, Neal & Neal, Hobbs, for defendants-appellants.

## OPINION

HERNANDEZ, Judge.

Plaintiff sought to recover for the wrongful death of Daniel Baldwin, defendant's employee. The district court denied defendants' motion to dismiss, treating it as a motion for summary judgment upon introduction of affidavits. The court concluded that defendant Worley Mills failed to comply with the mandatory filing requirements of the New Mexico Workmen's Compensation Act, § 52–1–4, N.M.S.A. 1978, and so plaintiff was entitled to proceed with his common law action. Defendant brought this interlocutory appeal. We reverse.

Section 52–1–4, *supra*, provides in part:

Every employer subject to the Workmen's Compensation Act [52–1–1 to 52–1–69 NMSA 1978] shall file in the office of the clerk of the district court for the county in which such workman is, or it is contemplated at the time of such agreement, such workman is to be employed, previous to or within thirty days after having made any such agreement, express or implied, with such workman . . .

good and sufficient undertaking in the nature of insurance or evidence thereof in the form of a certificate, or security for the payment to . . . such injured workman, or, in case of death, to the person appointed by the court to receive the same . . . .

Plaintiff alleged that his decedent was killed on July 2, 1979; defendant showed through affidavits that a workmen's compensation policy of insurance was in effect at the time of the death, but was not filed with the office of the district court clerk in Curry County at the time. Plaintiff's amended complaint, seeking to recover common law and statutory remedies other than under the Workmen's Compensation Act, was filed on August 29, 1979. On September 11, 1979, defendant filed his policy of insurance with the district court clerk of Curry County.

The question presented is whether late filing of the policy after plaintiff commenced his suit constitutes substantial compliance with the mandatory filing requirements of § 52–1–4, so as to force plaintiff to seek the exclusive remedies of the Act, when plaintiff received actual notice of the policy's existence before his filing. This is similar to the issue in *Security Trust v. Smith*, 93 N.M. 35, 596 P.2d 248 (1979), where the Supreme Court stated that "[f]iling proof of coverage after commencement of a tort action does not constitute substantial compliance with the requirements of Section 52–1–4."

The Supreme Court stated in *Smith*:

Although in *Williams v. Montano* [89 N.M. 252, 550 P.2d 264], this Court upheld the doctrine of "substantial compliance," we also recognized that there is a point beyond which the mandatory provisions of the Act cannot be ignored. If the mandatory provisions are disregarded altogether it is clear that the intention of the Legislature would be totally frustrated. As the Court of Appeals noted in *Montano v. Williams*, the Legislature did not say that simply procuring a policy complied with the provisions of the Workmen's Compensation Act. The language

of Section 52–1–2 clearly requires something more; it requires the filing of the policy, or proof of coverage, with the district court.

The Workmen's Compensation Act is remedial and should be liberally interpreted so as to accomplish its purposes. *Lucero v. C. R. Davis Contracting Co.*, 71 N.M. 11, 375 P.2d 327 (1962), *overruled on other grounds, Mascarenas v. Kennedy*, 74 N.M. 665, 397 P.2d 312 (1964). At the same time, however, the statute should not be construed in such a way as to nullify certain of its provisions. *Boggs v. D & L Construction Company*, 71 N.M. 502, 379 P.2d 788 (1963), *overruled on other grounds, Am. Tank & Steel Corp. v. Thompson*, 90 N.M. 513, 565 P.2d 1030 (1977). Allowing the Compensation Act to stand as a bar to a tort action when the employer failed to file anything, or otherwise to comply with Section 52–1–4, until after commencement of the tort action, would abrogate this section. An employer would have no reason to file policies, since no real penalty would be inflicted for his failure to do so.

The facts of the *Smith* case, however, distinguish it from the present case. The stipulated facts of *Smith* show that Smith failed to file proof of coverage until almost six weeks after the first tort action was filed against him and over eleven months after the accident. There was no evidence that plaintiff received actual notice of coverage in *Smith*. In contrast, the facts of this case show that plaintiff had actual knowledge, and thus notice, of the existence of a workmen's compensation policy of insurance. Defendants' affidavits upon their motion show that the insurance company adjuster spoke to plaintiff personally regarding payment of workmen's compensation benefits under defendant's policy in July, 1979, and that plaintiff himself had previously collected five small workmen's compensation benefits from Worley Mills under the same policy, before he filed his common law action. Defendants contend that, through this actual knowledge, there was substantial compliance with the Workmen's Compensation Act because plaintiff was notified of the existence and coverage of the insurance policy before his action was commenced, and plaintiff was not prejudiced by defendant's failure to file the policies or a certificate of proof because plaintiff can still proceed under the Act.

Plaintiff did not introduce any affidavits controverting the facts shown by defendants' affidavits, so we accept as true the facts stated therein. *See Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972).

The New Mexico Supreme Court has stated that "[t]he purpose of our act is to avoid uncertainty in litigation and to assure injured workmen prompt payment of compensation . . . ." *Mirabal v. International Minerals & Chemical Corporation*, 77 N.M. 576, 425 P.2d 740 (1967). We believe that the giving of actual notice in this case fulfilled the purposes of the Act. Plaintiff had actual knowledge of the insurance coverage, so he should not have been uncertain as to from whom and in what amount he could recover. Because of the actual notice, payment could be promptly requested from and made by the insurance company.

The *Smith* holding is cast in broad and unequivocal terms: "[t]he language of Section 52–1–4 clearly requires . . . the filing of the policy, or proof of coverage, with the district court." We believe, however, that the broad language was not intended to be applied in a case such as this, where the giving of actual notice fulfills the purposes of the Act, and where plaintiff can still seek his remedies under the Act and so is not prejudiced. The literal words of *Smith* surely were not meant to be applied in a case such as this, where to do so would reintroduce uncertainty and delay into the process of compensating the workman's survivors: plaintiff will have to go through the delay of waiting for trial, and then must bear the uncertainty of proving his case and collecting on any judgment, if we adhere to the strict letter of *Smith*.

The order of the district court is reversed.

IT IS SO ORDERED.

WALTERS and ANDREWS, JJ., concur.