666 P.2d 225

**Katy VALENZUELA, Plaintiff-Appellant,**

v.

**Donny SINGLETON and Allsup's Convenience Stores, Incorporated, Defendants-Appellees.**

**No. 5476.**

Court of Appeals of New Mexico.

Sept. 11, 1982.

McCormick & Forbes, Don G. McCormick, Thomas L. Marek, Rosenberg Law Firm, M. Rosenberg, M. Jane Shuler, Carlsbad, for plaintiff-appellant.

Martin & Meyer, Robert N. Meyer, Carlsbad, for defendants-appellees.

## OPINION

NEAL, Judge.

Plaintiff appeals the trial court's dismissal of Count I of her complaint against Allsup's Convenience Stores, Inc. (Allsup's). Count I alleged negligence and was dismissed for lack of subject matter jurisdiction, N.M.R.Civ.P. 12(b)(1), N.M.S.A.1978.

We reverse.

A brief discussion of the facts and procedural history of the case is necessary to understand the substantive issue raised.

Plaintiff worked the graveyard shift at an Allsup's convenience store in Carlsbad, New Mexico. In the early morning hours of April 11, 1980, the store was robbed. The robber abducted plaintiff, took her to a remote area outside the city, and raped her.

On April 11, 1980, plaintiff reported the incident to her supervisor. On May 9, 1980, plaintiff gave notice to Allsup's of the events of April 11, alleging that she had suffered a compensable injury under the Workmen's Compensation Act. On May 13, 1980, the New Mexico Labor and Industrial Commission received a copy of the May 9th notice to Allsup's and a statement of workmen's compensation complaint signed by plaintiff on May 9, 1980.

By letter dated May 28, 1980, Mr. R.C. Brooks, Labor Commissioner, told plaintiff that because she had obtained counsel the Labor Commission could not intervene. By letter dated May 28, 1980, Mrs. Connie C. Smith of the workmen's compensation section of the Labor Commission notified Allsup's of the April 11th accident. In this letter Mrs. Smith noted that an examina-

tion of the Labor Commission's records failed to reflect that an accident report was filed within the time prescribed under the Workmen's Compensation Act; Mrs. Smith requested that Allsup's submit an accident report. A carbon copy of this letter was sent to plaintiff.

On June 3, 1980, in response to the May 28th letter by Mrs. Smith, Allsup's telephoned the Labor Commission to report that plaintiff's claim had been submitted to their (Allsup's) insurance company, Houston General Insurance Company of Fort Worth, Texas (Houston General). On June 4, 1980, Mrs. Smith wrote to Houston General asking for an accident report. A carbon copy of this letter was also forwarded to plaintiff. In her deposition plaintiff stated that she received these letters from the Labor Commission.

On June 12, 1980, plaintiff filed a two-count "Complaint to Recover Damages for Injury" against Allsup's and Donny Singleton, the man who allegedly raped her. Specifically plaintiff alleged that Allsup's negligently failed to provide a safe place to work, and that as a direct and proximate result of defendant Donny Singleton's acts, plaintiff suffered physical injury and great emotional distress. Count I prayed for judgment against defendants jointly and severally in the amount of $50,000.00. Count I also included a claim for punitive damages against Allsup's in the amount of $100,000.00.

Count II, directed at Allsup's only, alleged wrongful termination; Allsup's had fired plaintiff a few days after the accident. Count II remains intact and does not concern us here.

Allsup's had workmen's compensation insurance, but had not filed a certificate of insurance required by § 52–1–4, N.M.S.A. 1978 (1982 Cum.Supp.). This certificate was not filed until January 12, 1981, nine months after the accident.

On July 31, 1980, Allsup's moved for summary judgment arguing that Allsup's had workmen's compensation insurance, and therefore, under § 52–1–8, N.M.S.A.1978 and § 52–1–9, N.M.S.A.1978, plaintiff's ex-

clusive remedy was the Workmen's Compensation Act. The common law negligence action could not stand. This motion was denied.

On September 2, 1980, our Court filed *Baldwin v. Worley Mills, Inc.,* 95 N.M. 398, 622 P.2d 706 (Ct.App.), writ quashed, 95 N.M. 426, 622 P.2d 1046 (1981). *Baldwin* held that failure to file a certificate of insurance does not allow a workman to go beyond the Workmen's Compensation Act if the workman has actual knowledge of workmen's compensation coverage. The effect of failure to file a certificate of insurance has also been addressed in *Mirabal v. International Minerals & Chemical Corp.,* 77 N.M. 576, 425 P.2d 740 (1967); *Quintana v. Nolan Bros., Inc.,* 80 N.M. 589, 458 P.2d 841 (Ct.App.1969); *Montano v. Williams,* 89 N.M. 86, 547 P.2d 569 (Ct.App.1976), modified by the Supreme Court in *Williams v. Montano,* 89 N.M. 252, 550 P.2d 264 (1976); *Shope v. Don Coe Const. Co.,* 92 N.M. 508, 590 P.2d 656 (Ct.App.1979); *Security Trust v. Smith,* 93 N.M. 35, 596 P.2d 248 (1979).

On January 20, 1981, relying on *Baldwin, supra,* Allsup's again moved for summary judgment arguing that plaintiff had actual notice that Allsup's was covered by workmen's compensation insurance and Houston General was the carrier. Plaintiff could not sue under common law negligence. The trial court, after hearing, denied the motion.

On April 3, 1981, plaintiff timely filed a workmen's compensation action based upon the April 11, 1980 incident.

The trial court, on its own, called a hearing to determine whether plaintiff's sole remedy was the Workmen's Compensation Act. This hearing took place on August 10, 1981. Plaintiff's knowledge of Allsup's workmen's compensation coverage was the primary issue. At the close of the hearing the trial court ruled that plaintiff had actual knowledge of workmen's compensation coverage and, under *Baldwin, supra,* her exclusive remedy was the Workmen's Compensation Act. An order dismissing Count I against Allsup's was entered.

On August 27, 1981, plaintiff filed a motion to vacate or amend the order dismissing Count I. Another hearing was held on September 14, 1981. At this hearing the trial court stated that it wanted to clarify its order dismissing Count I. It stated that the evidence presented at the August 10, 1981 hearing convinced it that plaintiff had actual knowledge that Allsup's had workmen's compensation insurance, and under *Baldwin, supra,* the Workmen's Compensation Act was the exclusive remedy. The trial court felt that the exclusive remedy issue was jurisdictional and specifically stated that its dismissal of Count I was based on lack of subject matter jurisdiction.

Plaintiff's counsel argued that summary judgment should not be granted. The trial court again explained that it viewed the issue as a question of subject matter jurisdiction and that the standard for granting or denying summary judgment was not relevant. Plaintiff's counsel failed to persuade the trial court, and a new order entitled "Order Dismissing Count I of Plaintiff's Complaint for Lack of Jurisdiction Over Subject Matter" was entered on September 14, 1981. Plaintiff appeals this order.

In this order the trial court expressly determined that there was "no just reason for delay" and the order is appealable. N.M.R.Civ.P. 54(b)(1), N.M.S.A.1978.

■ Did the trial court properly analyze the issue in terms of subject matter jurisdiction, or should it have treated it in terms of summary judgment? We hold that the latter is correct.

The trial court believed that if plaintiff did not have actual knowledge of Allsup's workmen's compensation insurance then the trial court had subject matter jurisdiction; if plaintiff did have actual knowledge of Allsup's workmen's compensation insurance, and the trial court so found, then the trial court did not have subject matter jurisdiction over Count I. It is implicit in the trial court's analysis that it was characterizing plaintiff's knowledge as a "jurisdictional fact." The trial court believed that as a jurisdictional fact it was a question of law, and thus for it to determine.

What is a "jurisdictional fact"? *Abraham v. Homer,* 102 Okl. 12, 226 P. 45 (1924) states:

Jurisdiction over the person, jurisdiction over the subject-matter, and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court. Each element of jurisdiction is dependent upon both law and fact. Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person. Facts showing that the matter involved in a suit constitutes a subject-matter consigned by law to the jurisdiction of that court are essential to jurisdiction over the subject-matter of the suit. Facts showing that a particular judgment is rendered in compliance with all existing mandatory law in that regard are essential to jurisdiction to render a particular judgment. All such facts are known as jurisdictional facts.

Examples of jurisdictional facts relating to jurisdiction over the subject matter are given. These are that in the administration of an estate it is necessary to show that the owner of the estate is actually dead, or in court-martial proceedings it is necessary to show that the person being tried was actually in the military or naval service.

Jurisdictional facts condition the power of the court to act, and differ from those facts essential to constitute a good cause of action for the relief sought. *In Re First National Bank,* 152 F. 64 (8th Cir.1907).

While it is generally true that jurisdictional facts are determined by the judge, *State Ex Rel. Anaya v. Columbia Research Corp.,* 92 N.M. 104, 583 P.2d 468 (1978); *Chatham Condominium Ass'ns v. Century Village, Inc.,* 597 F.2d 1002 (5th Cir.1979), the trial judge erred in treating plaintiff's knowledge or lack of knowledge as a jurisdictional fact. Plaintiff's knowledge goes only to whether or not she had a cause of action under common law negligence, not to

whether or not the court had subject matter jurisdiction. Because it determines whether or not a cause of action exists summary judgment, not subject matter jurisdiction, is relevant.

*Schantz v. American Dredging Co.,* 138 F.2d 534 (3rd Cir.1943) is very similar to the present case. In *Schantz* the plaintiff was injured while at work on a vessel anchored off shore at the Philadelphia Navy Yard. The critical issue was whether plaintiff's exclusive remedy was the Jones Act or the Longshoremen's and Harbor Worker's Compensation Act. This depended upon whether plaintiff was a "member of the crew" under the Longshoremen's Compensation Act.

Plaintiff instituted his action under the Jones Act. After he had presented his case to the jury the defendant moved to dismiss for lack of subject matter jurisdiction. The trial court granted the motion finding that plaintiff was not a "member of the crew" and consequently his remedy was under the Longshoremen's and Harbor Worker's Compensation Act.

The Circuit Court of Appeals, Third Circuit, held that whether or not plaintiff was a "member of a crew" was not a "jurisdictional fact." Therefore, if there was any evidence on which a jury could reasonably find that plaintiff was a "member of a crew" under the Longshoremen's Act, it was error for the trial court to dismiss. The Circuit Court of Appeals noted that there was evidence on which a jury could reasonably find that plaintiff was a "member of a crew," and reversed.

*First National Bank, supra,* is also very similar to our case. It distinguishes jurisdictional facts from those facts which are necessary to state a valid cause of action. *First National Bank, supra,* was a bankruptcy case. The issue was whether or not the District Court had the power to adjudicate the bankruptcy of the Widell-Finley Company. This depended upon whether Widell-Finley was engaged in "manufacturing." The District Court ruled that Widell-Finley was bankrupt. Petitioners, the bank, contended that the District Court had

no jurisdiction to enter judgment because the fact that Widell-Finley was engaged in "manufacturing" conditioned the power of the court to act. Because that fact did not exist, petitioners argued, the judgment was a nullity. This argument was rejected. The Circuit Court of Appeals, Eighth Circuit, held that whether or not Widell-Finley was engaged in manufacturing was not jurisdictional, but went only to whether a valid cause of action existed. The distinction between jurisdictional facts and facts necessary to establish a cause of action was discussed:

> Jurisdiction of the subject-matter and of the parties is the right to hear and determine the suit or proceeding in favor of or against the respective parties to it. The facts essential to invoke this jurisdiction differ materially from those essential to constitute a good cause of action for the relief sought. A defective petition in bankruptcy, or an insufficient complaint at law, accompanied by proper service of process upon the defendants, gives jurisdiction to the court to determine the questions involved in the suit, although it may not contain averments which entitle the complainant to any relief; and it may be the duty of the court to determine either the question of its jurisdiction or the merits of the controversy against the petitioner or plaintiff. Facts indispensable to a favorable adjudication or decree include all those requisite to state a good cause of action, and they comprehend many that are not essential to the jurisdiction of the suit or proceeding. The fact that the Widell Company was engaged in a manufacturing pursuit was not of the former, but of the latter, class.

> \* \* \* \* \* \*

> [T]he fact that the Widell Company was, or that it was not, principally engaged in manufacturing \* \* \* did not condition the jurisdiction of the court, but the judgment which it ought to render, only. The court had the same jurisdiction to decide the issues between the parties whether the Widell Company was or was not principally engaged in a manufacturing pur-

suit. The only difference the determination of that issue made was that if it was so engaged the court should have given judgment for the petitioners, and if it was not thus occupied it should have rendered judgment against them. The jurisdiction and the duty to decide remained in the court, whichever way it was its duty to determine the issue. The jurisdiction of a court is not limited to the power to render correct decisions.

We believe that whether or not plaintiff had actual knowledge is analogous to "member of a crew" in *Schantz, supra,* and whether or not the Widell-Finley Company was engaged in "manufacturing" in *First National Bank, supra.* The District Court has the power to decide a common law negligence action. Plaintiff's knowledge only determines whether or not she has a cause of action under common law negligence, not whether the District Court had subject matter jurisdiction. It follows that a summary judgment analysis is proper.

The difference is significant. Under a summary judgment analysis the plaintiff is entitled to have all of her allegations taken as true, with all their favorable inferences. The trial court cannot grant summary judgment unless there is no genuine issue of material fact. The burden is on the moving party to show that there is no genuine issue of material fact. Under a 12(b)(1) motion to dismiss for lack of jurisdiction the analysis is quite different. As stated in *Chatham Condominium Ass'ns, supra:*

> [A]t issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merit of jurisdictional claims.

Also, the burden of proving jurisdictional facts is on the plaintiff. *Chatham Condominium Ass'ns, supra; Columbia, su-pra; Plumbers Specialty Supply v. Enterprise Products,* 96 N.M. 517, 632 P.2d 752 (Ct.App.1981).

The two New Mexico cases dealing with jurisdictional facts, *Columbia* and *Plumbers Specialty Supply, supra,* are distinguishable from the present case. In both of those cases the jurisdictional fact was whether the defendant was "doing business" within New Mexico so that it could be served with process. This fact establishes *in personam* jurisdiction. It is clearly a jurisdictional fact. *Columbia, supra; Abraham, supra.* In the present case plaintiff's knowledge is not a jurisdictional fact. The trial court viewed the evidence presented at the jurisdictional hearing using the wrong standard.

The trial court commented that "if we were talking about summary judgment, your motion to vacate the order [of dismissal for lack of subject matter jurisdiction] may be well taken." This indicates that using a summary judgment analysis may make a difference. A summary judgment analysis is proper.

The order dismissing Count I against Allsup's is reversed.

IT IS SO ORDERED.

SUTIN, J., concurs.

DONNELLY, J., dissents.

DONNELLY, Judge (dissenting).

I respectfully dissent.

In my opinion the trial court's order dismissing Count I of plaintiff's complaint on a jurisdictional ground was correct as to defendant Allsup's Convenience Stores Inc., but not as to the defendant Singleton.

Plaintiff filed two separate lawsuits: (1) a common law action for damages against Allsup's and Singleton, and (2) a workmen's compensation action for injuries sustained while employed as a clerk at Allsup's. The common law action sought alternatively in Count I, damages against both defendants, alleging the failure of Allsup's to provide a safe place to work (negligence), and against Singleton for kidnapping, physical abuse and rape (intentional tort). Count II of the

common law action was directed only against Allsup's, and sought damages for wrongful termination from employment. No order was entered as to Count II.

On September 14, 1981 the trial court granted an order dismissing Count I of plaintiff's complaint based on the following grounds.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that Count I of plaintiff's complaint filed herein be and the same is hereby dismissed for the reason that plaintiff's exclusive remedy is under the Workmen's Compensation Act of New Mexico and the court has jurisdiction over the subject matter under cause number CV–81–115 [workmen's compensation action] and lacks jurisdiction over the subject matter of Count I of plaintiff's complaint filed in cause number CV 80–198 [common law action].

The trial court ruled that Count I of plaintiff's common law action for damages against defendants Allsup's and Singleton were each barred by the exclusivity provision of the Workmen's Compensation Act and that plaintiff's exclusive remedy was under her workmen's compensation suit. Insofar as the dismissal purported to dismiss plaintiff's action against defendant Singleton for intentional infliction of injuries upon plaintiff, the ruling of the trial court was in error. Once the Workmen's Compensation Act was found to provide plaintiff a remedy, that act was exclusive and plaintiff had no right to bring a common law negligence action against his employer. *Segura v. Molycorp,* 97 N.M. 13, 636 P.2d 284 (1981); *Galles Chevrolet Co. v. Chaney,* 92 N.M. 618, 593 P.2d 59 (1979).

The exclusivity provision of the Workmen's Compensation Act, however, does not preclude an employee or his estate from seeking damages against a third party who is not an employer, co-employee, or insuror or guarantor of the employer. *Matkins v. Zero Refrigerated Lines,* 93 N.M. 511, 602 P.2d 195 (Ct.App.1979). Thus, Count I of plaintiff's initial cause of action should not have been dismissed as against the defendant Singleton.

The trial court determined that plaintiff had "actual knowledge" of the existence of workmen's compensation coverage by Allsup's. This was determined by the court below as a "jurisdictional fact." In my opinion the existence of workmen's compensation coverage and exclusivity provisions of the Workmen's Compensation Act constitute jurisdictional issues which the trial court should preferably resolve prior to trial on the merits.

N.M.R.Civ.P. 12(h)(3), specifies that: "Whenever it appears by suggestions of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

Restatement (Second), Judgments, § 11 C. Jurisdiction to Determine Jurisdiction, states:

Whether a court whose jurisdiction has been invoked has subject matter jurisdiction of the action *is a legal question* that may be raised by a party to the action *or by the court itself.* When the question is duly raised, the court has the authority to decide it * * * A court has authority to determine its own authority, or as it is sometimes put, "jurisdiction to determine its jurisdiction". [Emphasis supplied.]

Under N.M.R.Civ.P. 12(d), it is also stated that "the defenses specifically enumerated in (1)–(7) * * * of this rule * * * shall be heard and determined *before* trial on application of either party, unless the court orders that the determination thereof be deferred until the trial."

The trial court has the option of (1) hearing the jurisdictional factual questions before trial; (2) hearing the issue at trial; or (3) bifurcating the trial and deciding the issue of whether or not plaintiff had "actual knowledge" of the workmen's compensation coverage.

Jurisdictional issues are for a court, not a jury to decide, whether or not they hinge on legal or factual determinations. *Williamson v. Tucker,* 632 F.2d 579 (CA 5 1980). District courts have the authority to make factual findings which are decisive of jurisdiction. In *Williamson, supra,* the court

held that this "means that the district court is not limited to an inquiry into undisputed facts. It may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Williamson,* also holds that "a Rule 12(b)(1) motion can be based on the court's resolution of disputed facts as well as on the plaintiff's allegations and undisputed facts in the record."

Plaintiff's complaint fails to allege any facts that take the case outside the provisions of § 52–1–6, N.M.S.A.1978. Even though facts are not pleaded which show jurisdiction, a party seeking to preserve jurisdiction in the court must make some showing that the court has jurisdiction. *Mountain Fuel Supply Co. v. Johnson,* 586 F.2d 1375 (CA2d 1978).

When a question of a district court's jurisdiction is raised, either by a party or by the court on its own motion, under Rule 12(b)(1), the court may inquire by affidavits or otherwise, into the facts as they exist. *Land v. Dollar,* 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed.2d 1209 (1947). In *Exchange Nat. Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126 (Ca.2d 1976, the court held: "[U]nder Rule 56, a party opposing a Rule 12(b)(1) motion cannot rest on the mere assertion that factual issues may exist.

The trial court's order (Tr. 75), dismissing Count I of plaintiff's complaint was rendered after notice and opportunity to both parties, to present facts regarding the trial court's jurisdiction. Under Rule 12(b)(1), the plaintiff has the burden of establishing jurisdictional facts. *Plumbers Speciality Supply v. Enterprise Products,* 96 N.M. 517, 632 P.2d 752 (1981).

As stated in *Williamson, supra,* the district court has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

Here, the trial court set forth its order of dismissal, its determination that it lacked subject matter jurisdiction and that plaintiff was not prejudiced by Allsup's delay in filing proof of compliance with the Workmen's Compensation Act. Appellant has confused summary judgment with the court's ruling under 12(b)(1). Under the latter rule the court can decide disputed jurisdictional facts.

The instant case is not dissimilar from the decision rendered by this court in *Arnold v. State,* 94 N.M. 278, 609 P.2d 725 (Ct.App.1980). There plaintiff had alleged that she was assaulted and raped while residing in a residence provided by her employer. The court there held plaintiff's sole remedy was not in tort, but under the Workmen's Compensation Act.

I am of the opinion that the trial court was correct in entering its order ruling that plaintiff's sole remedy against Allsup's was under the Workmen's Compensation Act. Plaintiff is not left without a remedy; she is provided a remedy under a remedial act which the legislature has decreed to be exclusive. § 52–1–6, *supra. See Dickson v. Mountain States Mutual Cas. Co.,* 21 N.M.S. B.Bull. 1084 (Ct.App.1982). I would, however, reverse the order of the trial court in its dismissal of Count I of plaintiff's tort action against defendant Singleton.