720 P.2d 1234

Ola WILLIAMS, Plaintiff-Appellant,

v.

AMAX CHEMICAL CORPORATION,
Defendant-Appellee.

No. 16118.

Supreme Court of New Mexico.

June 26, 1986.

Klipstine & Hanratty, James W. Klipstine, Jr., Carlsbad, for plaintiff-appellant.

Dow, Feezer & Williams, Lesley Williams, Carlsbad, for defendant-appellee.

**OPINION**

FEDERICI, Justice.

Appellant Ola Williams (Williams) filed a complaint against Appellee Amax Chemical Corporation (Amax) in the District Court of Eddy County alleging: (1) retaliatory discharge for filing a workmen's compensation claim pursuant to statute; and (2)

breach of contract for discharge without just cause resulting from a work-related accident.

Amax' motion to dismiss pursuant to NMSA 1978, Civ.P.Rule 12(b)(6) (Repl. Pamp.1980) was argued to the district court on September 30, 1985 and was granted. Williams appeals the dismissal. We affirm the trial court.

On appeal, Williams urges this Court to recognize a claim in tort for retaliatory discharge when an employee is discharged for exercising rights afforded by the Workmen's Compensation Act, NMSA 1978, Sections 52–1–1 to –69 (Orig.Pamp. and Cum. Supp.1985). Williams also asks this Court to determine whether the breach of contract claim was erroneously dismissed.

Williams was an employee of Amax Chemical from October 1978 until August 1983. Williams was injured on August 11, 1982 in the course of her employment. Her previous attorney filed a complaint on August 5, 1983 seeking benefits under the Workmen's Compensation Act which was dismissed September 6, 1983 apparently for naming the wrong defendant. Williams was terminated from her employment in the interim on August 17, 1983 purportedly for having missed over 52 weeks of employment since August 11, 1982. Her employment contract states that a disability leave may be terminated after a period of 52 weeks.

■ We reaffirm the principle announced in *Bottijliso v. Hutchison Fruit Co.*, 96 N.M. 789, 635 P.2d 992 (Ct.App. 1981) that the Workmen's Compensation Act is sui generis. The Workmen's Compensation Act is legislation in derogation of the common law and creates exclusive rights, remedies and procedures. *Casias v. Zia Co.*, 94 N.M. 723, 616 P.2d 436 (Ct.App. 1980). If an employer and employee are covered by the Act, all their rights and remedies are defined exclusively by the Act. NMSA 1978, § 52–1–9; *Pedrazza v. Sid Fleming Contractor, Inc.*, 94 N.M. 59, 607 P.2d 597 (1980). "As between the employer and the employee, all other common law and statutory actions are barred by the Act." *Id.* at 61, 607 P.2d at 599. "The sagacity of making changes in workmen's compensation statutes, or rights created thereunder, has been generally held to be outside the province of the courts." *Bottijliso*, 96 N.M. at 794, 635 P.2d at 997. Any changes in New Mexico's Workmen's Compensation Act, to recognize an action in tort for retaliatory discharge due to an employee's exercise of rights under the Act, is more appropriately addressed to the State Legislature.

■ Appellant Williams' reliance on the public policy language of *Vigil v. Arzola*, 102 N.M. 682, 699 P.2d 613 (Ct.App.1983) to support the contention that a tort claim for retaliatory discharge should be judicially recognized in the instant case is misplaced. Although the *Vigil* court determined that a cause of action should lie when the discharge of an employee contravenes some clear mandate of public policy, when an Act is sui generis, public policy, other than that reflected in the Act, is generally not to be invoked. The court in *Vigil* explicitly acknowledged the validity of the *Bottijliso* holding, that recognition of a cause of action for retaliatory discharge of an employee who files a workmen's compensation claim is for the Legislature. The New Mexico's Workmen's Compensation Act does not provide for a compensable retaliatory discharge claim, therefore, the trial court's dismissal of the claim is affirmed.

■ The claim against Amax for breach of contract was also properly dismissed. Williams was absent from work beginning August 11, 1982, the date she was injured. She remained absent from her work for 53 weeks following the injury and Amax terminated her employment on August 17, 1983. It is undisputed that Williams' employment contract allows the employer to terminate a disability leave after a period of 52 weeks. We conclude that Amax acted in compliance with the terms of the employment contract in discharging Williams.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

RIORDAN, C.J., and STOWERS, J., concur.