746 P.2d 1101

Kathleen SHORES, Plaintiff–Appellee,

v.

CHARTER SERVICES, INC.,
Defendant–Appellant,

and

Rebecca R. Weh and Allen
Weh, Defendants.

No. 16746.

Supreme Court of New Mexico.

Nov. 16, 1987.

Rehearing Denied Dec. 28, 1987.

Turner W. Branch, Dan Swiss, Albuquerque, for defendant-appellant.

Messersmith, Eaton & Keenan, Roger V. Eaton, Albuquerque, for plaintiff-appellee.

## OPINION

STOWERS, Justice.

Plaintiff-appellee Kathleen Shores (Shores) filed suit in Bernalillo County District Court seeking recovery under the Workmen's Compensation Act, NMSA 1978, §§ 52-1-1 to -69 (Orig.Pamp. and Cum.Supp.1986) (the Act), for an alleged employment-related injury and for wrongful discharge. Defendant-appellant Charter Services, Inc. (Charter) moved to dismiss on the ground that the theories were inconsistent. Following a hearing, the district court denied the motion and certified the question for interlocutory review. The Supreme Court granted the parties' request for interlocutory appeal on January 7, 1987. We reverse the district court.

Shores's complaint alleged that she suffered a compensable, work-related injury and alleged that Charter was neither covered by workmen's compensation insurance nor self-insured under the terms of the Act. The complaint also alleged that Shores entered into an oral contract of employment with Charter and that she was terminated in retaliation for her injury.

At the hearing on the motion to dismiss, Charter argued that the retaliatory discharge claim could not be brought in the same action as the workmen's compensation claim. Shores contended that because Charter allegedly did not bring itself under coverage of the Act, the actions could be combined because the exclusivity principle of the Act was not invoked. The question of law presented on interlocutory appeal is whether the Workmen's Compensation Act provided the exclusive remedy when a retaliatory discharge was alleged as a result of Shores filing a workmen's compensation claim and whether a jury action for retaliatory discharge could be combined with a

workmen's compensation claim, for which no jury is provided.

A review of the pertinent workmen's compensation law in New Mexico reflects the following. The New Mexico Workmen's Compensation Act in effect when the present case was filed provided that "[e]very employer subject to the Workmen's Compensation Act [Chapter 52, Article 1 NMSA 1978] shall file in the office of the superintendent of insurance * * * good and sufficient undertaking in the nature of insurance or, evidence thereof in the form of a certificate." NMSA 1978, § 52–1–4 (Cum.Supp.1986). It is well established that only substantial compliance with the Act is necessary in order to foreclose common law remedies. *R.L. Williams v. Montano*, 89 N.M. 252, 253, 550 P.2d 264, 265 (1976). While strict compliance is not necessary, failing to comply in any way, such as failing to obtain insurance or properly file a certificate of insurance, does not constitute substantial compliance. *Id.* However, if the employee has actual notice of the existence and availability of the workmen's compensation insurance, the substantial compliance requirement of the Act is met. In such a case, even if the employer fails to file its certificate of insurance, the employee is not allowed to file a common law action; the employer can successfully seek the exclusive protection of the Workmen's Compensation Act. *Baldwin v. Worley Mills, Inc.*, 95 N.M. 398, 400, 622 P.2d 706, 708 (Ct.App.1980). A mere delay in filing does not necessarily remove the limitations on the employer's liability; the statute's purpose is met when the employer obtains compensation insurance for its employees. *Quintana v. Nolan Bros.*, 80 N.M. 589, 590, 458 P.2d 841, 842 (Ct.App. 1969).

If the employer utterly fails to comply with the provisions of the Workmen's Compensation Act, the employee has two options. First the employee may maintain a civil action pursuing common law remedies against the employer. Or, in the alternative, the employee may bring suit under the Workmen's Compensation Act. *Arvas v. Feather's Jewelers*, 92 N.M. 89, 92, 582 P.2d 1302, 1305 (Ct.App.1978).

If the employer complies with the Workmen's Compensation Act, it is undisputed in New Mexico that the Act provides the exclusive remedy. *Galles Chevrolet Co. v. Chaney*, 92 N.M. 618, 620, 593 P.2d 59, 61 (1979); *Romero v. J.W. Jones Construction Co.*, 98 N.M. 658, 651 P.2d 1302 (Ct. App.1982). "If an employer and employee are covered by the Act, all their rights and remedies are defined exclusively by the Act. 'As between the employer and the employee, all other common law and statutory actions are barred by the Act.'" *Williams v. Amax Chemical Corp.*, 104 N.M. 293, 294, 720 P.2d 1234, 1235 (1986) (citations omitted).

In *Williams v. Amax Chemical Corp.*, 104 N.M. 293, 720 P.2d 1234 (1986), the plaintiff alleged retaliatory discharge for filing a workmen's compensation claim pursuant to the Workmen's Compensation Act. Justice Federici, writing for the Court, made it very clear that since the Act did not provide for a compensable retaliatory discharge claim, the Court would not indulge in legislation and expand the parameters of the Act. *Id.* at 294, 720 P.2d at 1235. With respect to the Workmen's Compensation Act, we see no difference between a tort of retaliatory discharge and a contract claim for wrongful discharge; neither action is recognized in the Act.

A motion to dismiss tests the legal sufficiency of the complaint. SCRA 1986, 1–012. "In considering whether a complaint states a claim upon which relief can be granted, the courts accept as true all facts well pleaded. The purpose of [SCRA 1986, 1–012] is to test the formal sufficiency by which the claim is alleged, not the facts upon which the claim is supported." *Trujillo v. Puro*, 101 N.M. 408, 415, 683 P.2d 963, 970 (Ct.App.), *cert. denied*, 101 N.M. 362, 683 P.2d 44 (1984) (citations omitted).

According to the above stated standard of review, we will assume that Charter failed to substantially comply with the Workmen's Compensation Act. As discussed above, Shores then has two options available to her: she may either file a workmen's compensation action or file an

action for common law remedies, to which she may attach her contract claim for wrongful discharge. Charter's failure to comply with the Act does not allow Shores to file both a workmen's compensation action and a wrongful discharge action. As the cases cited above clearly indicate, the employee is limited to one remedy, regardless of whether the employer complied with the Workmen's Compensation Act.

Since it is unclear from the record before us whether Charter substantially complied with the Workmen's Compensation Act, and since it is further unclear from the record whether Shores elected to solely pursue her claim under the Workmen's Compensation Act, we remand the case to the district court for a hearing to determine which option Shores chooses to pursue. Based upon the findings of this hearing, we further instruct the district court to enter a judgment consistent with this opinion.

The parties shall each bear their own costs and attorneys' fees on appeal.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and WALTERS, J., concur.